Skip to Main Content Logout My Account My Cases Search Menu New Civil Search Refine Search Back     Location All Courts Images Help

# REGISTER OF ACTIONS
## CASE NO. 16-02-01632

| | |
|---|---|
| Christina Butler VS. Metropolitan Lloyds Insurance Company of Texas, Travis Lynn Hengst | § § § § § |

Case Type: Contract Consumer/Commercial/Debt <$100,000 incl. damages
Date Filed: 02/11/2016
Location: 284th Judicial District Court

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | Hengst, Travis Lynn | | Dennis D. Conder |
| | Waxahachie, TX 75165 | | *Retained* |
| | | | 214-748-5000(W) |
| | | | |
| Defendant | Metropolitan Lloyds Insurance Company of Texas | | Dennis D. Conder |
| | Dallas, TX 75201 | | *Retained* 214-748-5000(W) |
| | | | |
| Plaintiff | Butler, Christina | | Chad T. Wilson |
| | Magnolia, TX 77354-2226 | | *Retained* 832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 02/11/2016 | Original Petition (OCA) | | |
| 02/11/2016 | E-Filed Original Petition Document | | |
| 02/11/2016 | Request For Service | | |
| 02/11/2016 | Civil Case Information Sheet | | |
| 02/12/2016 | Jury Trial Requested | | |
| 02/12/2016 | Jury Fee Paid | | |
| 02/18/2016 | Certified Mail Citation | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served Returned | 02/22/2016 06/09/2016 |
| | Hengst, Travis Lynn | Unserved | |
| 03/04/2016 | Original Answer | | |
| 03/04/2016 | Original Answer | | |
| 03/04/2016 | Notice | | |
| 03/11/2016 | Rule 11 | | |
| 05/17/2016 | Docket Control Order | | |
| 06/09/2016 | Motion (No Fee) | | |
| 06/30/2016 | Proposed Order | | |
| 07/11/2016 | Response | | |
| 07/13/2016 | Submission (9:00 AM) (Judicial Officer Wood, Cara) | | |
| 08/05/2016 | Signed Order | | |
| 08/05/2016 | Signed Order | | |
| 09/13/2016 | Amended Petition | | |
| 09/13/2016 | Notice | | |
| 10/25/2016 | Amended Filing | | |
| 10/31/2016 | Amended Filing | | |
| 11/10/2016 | Amended Petition | | |
| 11/21/2016 | Designation | | |
| 03/17/2017 | Docket Call/Pre-Trial Conference (9:00 AM) (Judicial Officer Wood, Cara) | | |
| 03/20/2017 | Jury Trial (9:00 AM) (Judicial Officer Wood, Cara) | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff Butler, Christina** | | |
| | Total Financial Assessment | | 531.00 |
| | Total Payments and Credits | | 531.00 |
| | **Balance Due as of 11/29/2016** | | **0.00** |
| | | | |
| 02/12/2016 | Transaction Assessment | | 531.00 |
| 02/12/2016 | E-File Electronic Payment Receipt # 2016-72385 | Butler, Christina | (531.00) |

**EXHIBIT**

tabbies

Received and E-Filed for Record
2/11/2016 4:29:20 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

NO. 16-02-01632

| | | |
|---|---|---|
| **CHRISTINA BUTLER,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY,** |
| | § | |
| **METROPOLITAN LLOYDS** | § | Montgomery County - 284th Judicial District Court |
| **INSURANCE COMPANY OF** | § | |
| **TEXAS AND TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | **_____ DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Christina Butler, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Metropolitan Lloyds Insurance Company of Texas ("MetLife") and Travis Lynn Hengst ("Hengst") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Christina Butler, resides in Montgomery County, Texas.

3.  Defendant, Metropolitan Lloyds Insurance Company of Texas, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon MetLife, at the address listed with the Texas Department of Insurance, **C T Corporation System, 1999 Bryan Street, Suite. 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.  Defendant, Travis Lynn Hengst, is an Adjuster in the course and working scope of employment with MetLife. Plaintiff requests service of citation upon Travis Lynn Hengst at the address listed with the Texas Department of Insurance, **119 Sumac Drive, Waxahachie, Texas 75165-7875**. Plaintiff requests service at this time.

## JURISDICTION

5.  The Court has jurisdiction over Metropolitan Lloyds Insurance Company of Texas because this defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

6.  The Court has jurisdiction over Travis Lynn Hengst because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Montgomery County, Texas, with reference to this specific case.

## VENUE

7.  Venue is proper in Montgomery County, Texas, because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.  Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.  Plaintiff owns a Metropolitan Lloyds Insurance Company of Texas homeowner's insurance

policy, number 1341322710 ("the Policy"), which was issued by MetLife. At all relevant times, Plaintiff owned the insured premises located at 7222 Ramblewood Dr., Magnolia, Texas, 77354-2226 ("the Property").

10. MetLife or its agent sold the Policy, insuring the Property, to Plaintiff. MetLife represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.

11. On or about April 19, 2015, the exterior and interior of the Property sustained extensive damage resulting from a severe wind and hailstorm that passed through the Magnolia, Texas, area.

12. The exterior of the Property suffered damage to the front, right, rear, and left elevations, as well as to the roof.

13. The interior of the Property suffered damage to the living room, kitchen, hallway, and front porch.

14. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to MetLife against the Policy for damage to the Property. MetLife assigned claim number JDF42356 to Plaintiff's claim.

15. Plaintiff asked MetLife to cover the cost of damage to the Property pursuant to the Policy.

16. MetLife hired or assigned its agent, Hengst, to inspect and adjust the claim. Hengst conducted an inspection on or about August 19, 2015. Hengst found damages only to the Property's living room. His inspection generated estimated damages of $534.95.

17. MetLife sent Plaintiff a denial letter stating "[t]he adjuster's inspection of your property found there was no evidence of sudden and accidental Hail damage to the decking, fascia,

and ceiling of the front porch."

18.   MetLife claimed all damage was caused by deterioration and stated to the Plaintiff "[t]he damage to your home was caused by deteriorated wood and worn shingles" in their denial letter.

19.   After application of the Policy deductible, Plaintiff was left with an insufficient claim to complete hail damage repairs to her roof, exterior, living room, kitchen, hallway, and front porch. The replacement cost is currently estimated at $26,228.91.

20.   MetLife, through its agent, Hengst, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to deny coverage. This is evident in Hengst's report, which failed to include all hail and windstorm damage to the Property.   MetLife deliberately underestimated damages to avoid any substantive coverage and used improper standards to deny Plaintiff's claim.

21.   As stated above, MetLife improperly adjusted Plaintiff's claim.   Without limitation, MetLife misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.   MetLife made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. MetLife made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Hengst.

4

23.     Plaintiff relied on MetLife misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.     Upon receipt of the inspection and estimate reports from Hengst, MetLife failed to assess the claim thoroughly.   Based upon MetLife's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to deny coverage, MetLife failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.     Because MetLife failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26.     Furthermore, MetLife failed to perform its contractual duties to Plaintiff under the terms of the Policy.   Specifically, MetLife refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.     MetLife's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.   Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.     MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). MetLife has failed to settle Plaintiff's claim in a fair manner, although MetLife was aware of their liability to Plaintiff under the Policy. Specifically, MetLife has failed to, in an honest and fair manner, balance its own interests

5

in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.   MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Defendant failed to provide Plaintiff a reasonable explanation for denial and underpayment of the claim.

30.   Additionally, after MetLife received statutory demand on or about November 18, 2015, MetLife has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31.   MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  MetLife refused to provide full coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

32.   Specifically, MetLife, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33.   MetLife's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  MetLife failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34.   MetLife's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  MetLife failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, MetLife has

6

delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35.    MetLife's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

### BREACH OF CONTRACT

36.    MetLife is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between MetLife and Plaintiff.

37.    MetLife's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of MetLife's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38.    MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39.    MetLife's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

7

40.     MetLife's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though MetLife's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41.     MetLife's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial and underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42.     MetLife's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

43.     MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44.     MetLife's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     MetLife's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

46.     MetLife's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,
        even though MetLife knew or should have known by the exercise of reasonable diligence
        that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
        dealing.

### DTPA VIOLATIONS

47.     MetLife's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
        and services provided by MetLife pursuant to the DTPA. Plaintiff has met all conditions
        precedent to bringing this cause of action against MetLife. Specifically, MetLife's
        violations of the DTPA include, without limitation, the following matters:

        A.      By its acts, omissions, failures, and conduct, MetLife has violated sections
                17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. MetLife's violations
                include, (1) unreasonable delays in the investigation, adjustment, and resolution of
                Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure
                to pay for the proper repair of Plaintiff's property when liability has become
                reasonably clear, which gives Plaintiff the right to recover under section
                17.46(b)(2).

        B.      MetLife represented to Plaintiff that the Policy and MetLife's adjusting agent and
                investigative services had characteristics or benefits they did not possess, which
                gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

9

C.  MetLife represented to Plaintiff that MetLife's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  MetLife advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  MetLife breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  MetLife's actions are unconscionable in that MetLife took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. MetLife's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  MetLife's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.  Each of the above-described acts, omissions, and failures of MetLife is a producing cause of Plaintiff's damages. All of MetLife's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.  MetLife is liable to Plaintiff for common law fraud.

50.  Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and MetLife knew the

10

representations were false or made recklessly without any knowledge of their truth as a positive assertion.

51.    MetLife made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVIS LYNN HENGST

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

52.    Hengst's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

53.    Hengst is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of MetLife, because Hengst is a "person" as defined by TEX. INS. CODE §541.002(2).

54.    Hengst's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

55.    Hengst's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial and underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

56.     Hengst knowingly underestimated the amount of damage to the Property. As such, Hengst
        failed to adopt and implement reasonable standards for the investigation of the claim
        arising under the Policy. TEX. INS. CODE §542.003(3).

57.     Furthermore, Hengst did not attempt in good faith to effect a fair, prompt, and equitable
        settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

58.     Hengst's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
        and services provided by Hengst pursuant to the DTPA. Plaintiff has met all conditions
        precedent to bringing this cause of action against Hengst. Specifically, Hengst's violations
        of the DTPA include the following matters:

        A.      By his acts, omissions, failures, and conduct, Hengst has violated sections 17.46(b)
                (2), (5), and (7) of the DTPA. Hengst's violations include, (1) failure to give
                Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting
                the proper repair of Plaintiff's Property when liability has become reasonably clear,
                which gives Plaintiff the right to recover under section 17.46(b)(2).

        B.      Hengst represented to Plaintiff that the Policy and his adjusting and investigative
                services had characteristics or benefits they did not possess, which gives Plaintiff
                the right to recover under section 17.46(b)(5) of the DTPA.

        C.      Hengst represented to Plaintiff that the Policy and his adjusting services were of a
                particular standard, quality, or grade when they were of another, in violation of
                section 17.46(b) (7) of the DTPA.

D.      Hengst's actions are unconscionable in that Hengst took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Hengst's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.      Hengst's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.     Each of Hengst's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Hengst, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

61.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

62.     The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

13

to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

63. Plaintiff currently estimates that actual damages to the Property under the Policy are $26,228.91.

64. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

65. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

66. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

14

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount MetLife owed, exemplary damages, and damages for emotional distress.

69. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that

15

Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000. See Exhibit A, attached. Plaintiff hereby stipulates that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a). *Id*. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

73.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

74.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst, be cited and served to appear, and that upon trial hereof, Plaintiff, Christina Butler, recovers from Defendants, Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

16

exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17

## **CERTIFICATE OF STIPULATION**

I hereby certify and stipulate that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a). See Exhibit A.

/s/ *Chad T. Wilson*
Chad T. Wilson

NO. 16-02-01632

| | | |
|---|---|---|
| **CHRISTINA BUTLER,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY,** |
| | § | |
| **METROPOLITAN LLOYDS** | § | Montgomery County - 284th Judicial District Court |
| **INSURANCE COMPANY OF** | § | |
| **TEXAS AND TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | _____ **DISTRICT COURT** |

## AFFIDAVIT OF STIPULATION

| | |
|---|---|
| State of Texas | § |
| | § |
| County of Harris | § |

BEFORE ME, the undersigned authority, personally appeared **CHRISTIAN ELIZABETH HAWKINS**, who is personally known to me, and being duly sworn by law upon her oath, deposed and stated:

My name is Christian Elizabeth Hawkins. I am of sound mind and capable of making this Affidavit of Stipulation. I am over the age of twenty-one and have personal knowledge of the facts stated herein, which are true and correct. At all times material hereto, I have been an attorney at CHAD T WILSON LAW FIRM PLLC. I am an attorney representing Plaintiff, Christina Butler, in the above-styled cause in Montgomery County District Court.

I hereby stipulate that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a).

I personally attest that all the facts stated in this Affidavit of Stipulation are true and accurate to the best of my knowledge.

Further Affiant sayeth not.

_____
CHRISTIAN ELIZABETH HAWKINS

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 11th day of February, 2016 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC – STATE OF TEXAS



19

Received and E-Filed for Record
3/4/2016 4:30:45 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410TH DISTRICT COURT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE
## COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' ORIGINAL ANSWER - Page 1**

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.  **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.   the dwelling owned by **you** on the **residence premises**; and
    B.   structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

* * *

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

* * *

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2. **Windstorm or Hail**
   **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1. **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

   D. **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

      1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3. **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

   A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the

terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically,

the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2. **What you Must do After a Loss. We** have no obligations to provide coverage
   under this policy if **you** or **your** representative fail to comply with the following
   duties and the failure to comply is prejudicial to **us**:

   A. Promptly notify **us** or **our** representative.
      ...
   B. Protect the property from further damage, make reasonable and necessary
      repairs required to protect the property and keep a record of necessary
      expenditures.
   C. Cooperate with us in the investigation of a claim.
      ...
   E. At any reasonable time and place **we** designate, and as often as **we**
      reasonably require:
      1. show **us** the damaged property;
      2. submit to questions concerning the loss under oath while not in the
         presence of any other person defined as **"you"**, and sign and swear
         to the answers; and
      ...

Pleading further, Plaintiff failed to promptly repair the roof of their property and based

upon information and belief, has not performed necessary repairs to the property.

Pleading further, Plaintiff has failed to state the date of loss when the storm damage

occurred.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the $4^h$ day of _MArch_, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

Dennis D. Conder

PAN/PLDG/565457.1/001466.16873

DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER   - Page 6

Received and E-Filed for Record
3/4/2016 4:31:33 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410TH DISTRICT COURT |

## DEFENDANT TRAVIS LYNN HENGST' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Travis Lynn Hengst ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

## I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

## II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

---

**DEFENDANT TRAVIS LYNN HENGST' ORIGINAL ANSWER**                                       - Page 2

Pleading further, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff, including but not limited to the following policy provisions:

## COVERAGE A - DWELLING

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A.  the dwelling owned by **you** on the **residence premises**; and
   B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

### LOSS DEDUCTIBLE CLAUSE
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

### COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### COVERAGE C - PERSONAL PROPERTY
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There

is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.    **Windstorm or Hail**
      We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

### SECTION 1 - LOSSES WE DO NOT COVER

1.    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

      D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

            1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.    We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

      A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the

terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically,

the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.  **What you Must do After a Loss.** **We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.  Promptly notify **us** or **our** representative.
        ...

    B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

    C.  Cooperate with us in the investigation of a claim.
        ...

    E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

    ...

Pleading further, Plaintiff failed to promptly repair the roof of their property and based upon information and belief, has not performed necessary repairs to the property.

Pleading further, Plaintiff has failed to state the date of loss when the storm damage occurred.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with his costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: Dennis D. Conder
   State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
TRAVIS LYNN HENGST

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____4____ day of ___March___, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

Dennis D. Conder

PAN/PLDG/565504.1/001466.16873

---

**DEFENDANT TRAVIS LYNN HENGST' ORIGINAL ANSWER**     **– Page 6**

Received and E-Filed for Record
3/4/2016 4:32:10 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 15-10-11157

| | | |
|---|---|---|
| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410TH DISTRICT COURT |

## VACATION NOTICE

Please allow this to serve as notice of dates of vacation, prior commitments/settings,

and/or educational courses I will be attending as follows:

March 24 – March 29, 2016
April 6 – April 12, 2016
May 26 – June 2, 2016
June 6 – June 14, 2016
June 22 – June 27, 2016
June 30 – July 5, 2016
September 1 – September 8, 2016
November 3 – November 8, 2016
November 21 – November 28, 2016
December 21, 2016 – January 4, 2017

Respectfully submitted,

**STACY & CONDER, LLP**

By:_____

Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000 (Telephone)
(214) 748-1421 (Fax)
conder@stacyconder.com

### ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of March, 2016, a copy of the foregoing was delivered via e-service to counsel of record.

Dennis D. Conder

Received and E-Filed for Record
3/11/2016 3:18:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

Mar 10 2016 16:08:44 Via Fax    →    eFax2 Vonage
MAR. 9. 2016  4:52PM    STACY&CONDER



## STACY &
## CONDER, LLP
ATTORNEYS & COUNSELORS

March 4, 2016

*Via Facsimile*

Chad T. Wilson
Chad T. Wilson Law Firm, PLLC
1322 Space Park Drive, Suite A155
Houston, Texas 77058

      RE:   Cause No. 16-02-01632; In the District Court of Montgomery County, Texas, 410th Judicial District Court; *Christina Butler v. Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst*

Dear Chad:

      Enclosed please find the following:

      1.   Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst' answers filed in the above-referenced matter today;

      2.   Metropolitan Lloyds Insurance Company of Texas' Requests for Disclosures to Plaintiff;

      3.   Metropolitan Lloyds Insurance Company of Texas' First Set of Interrogatories to Plaintiff Christina Butler; and

      4.   Metropolitan Lloyds Insurance Company of Texas' Request for Production to Plaintiff Christina Butler.

March 10, 2016

      ~~You did not serve any demand on Metropolitan prior to filing the subject lawsuit as required by the Texas Insurance Code and Texas Deceptive Trade Practices Act.~~ Based upon this, I am requesting that you agree to abate the pending lawsuit for 60 days from February 11, 2016, the date the lawsuit was filed, until April 11, 2016. I am also requesting that Defendants' responses to requests for disclosure would be due 50 days after the expiration of the abatement period, which would be May 31, 2016. In addition, Plaintiff's discovery responses being served on you with this correspondence would not be due until May 11, 2016. ~~on~~ 3/19/16
with your changes,

      If you are in agreement with my proposal, and in order to constitute a Rule 11 Agreement as provided for in the Texas Rules of Civil Procedure, please sign this letter where indicated below and return it to me within 10 days of the date of this letter.

March 4, 2016
Page 2

With best regards, I am

Very truly yours,

Dennis D. Conder

DDC/ab
CRFF/553979, [7001466] 4873

AGREED:

Chad T. Wilson
Attorney for Plaintiff

*Agreed as to what but not as to why...* (tw)
Abate until April 11, 2016
D responses due May 31, 2016
P responses due May 11, 2016
542 attached

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# 284th Judicial District Court

Amanda Whittington
Court Administrator

Lindsey Karm, J.D.
Court Coordinator

Laurie Watson
Asst. Court Coordinator

## Cara Wood
## Presiding Judge

301 N. Main, Suite 201
Conroe, TX 77301
(936) 539-7861 • Fax (936) 538-3572

Morrill, Patricia, J.D.
Staff Attorney

Kenneth C. Cramer, CSR
Official Court Reporter

Meredith Dunaway
Jury Bailiff

May 17, 2016

Chad T. Wilson          1322 Space Park Drive, Suite A155
Attorney for Plaintiff   Houston, TX 77058
Dennis D. Conder        901 Main Street, Ste 6200
Attorney for Defendant  Dallas, TX 75202

Re: Cause No. 16-02-01632; Christina Butler vs. Metropolitan Lloyds Insurance
Company Of Texas, Travis Lynn Hengst; In the 284th Judicial Court of Montgomery County,
Texas

Dear Counsel:

In order to avoid having the time loss of a formal hearing, enclosed is a Discovery
Control Plan which shall control the disposition of this case. THE TRIAL AND THE DOCKET
CALL DATES ARE FIRM AND NOT SUBJECT TO CHANGE. The parties may agree upon
reasonable adjustments to the other dates and to any limitation on the time for or amount of
discovery allowed under either the **DISCOVERY CONTROL PLAN** or the Texas Rules of
Civil Procedure. Any Amended Discovery Control Plan shall be filed within 20 days of the date
of this letter, or within 20 days after the appearance of opposing counsel. If an Amended
Discovery Control Plan is not so filed, the Court will assume that all parties agree with all dates
in the enclosed **DISCOVERY CONTROL PLAN**.

This case has been set for **DOCKET CALL – PRE-TRIAL CONFERENCE ON MARCH 17,
2017, AT 9:00AM, AND JURY TRIAL ON MARCH 20, 2017, AT 9:00 AM.**

**THE PARTY CAUSING THE JOINDER OF ANY NEW PARTIES FOLLOWING
THE ISSUANCE OF THE ENCLOSED DISCOVERY CONTROL PLAN SHALL
PROVIDE A COPY OF THIS LETTER AND THE DISCOVERY CONTROL PLAN TO
THE JOINED PARTY.**

Thank you for your cooperation.

Sincerely,
/s/ *Cara Wood*
Presiding Judge, 284th Judicial District Court

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Morrill, Patricia

**CAUSE NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT OF** |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; TRAVIS LYNN HENGST** | § | **284TH JUDICIAL DISTRICT** |

## EXPEDITED DISCOVERY CONTROL PLAN – JURY

The Court requires a written motion and a showing of good cause by any party to remove a case from the expedited actions process unless removed by virtue of a pleading filed under Rule 169(c)(1)(B). Should a pleading be filed under Rule 169(c)(1)(B), the filing party MUST IMMEDIATELY contact the Court Coordinator to advise the Court that such a pleading has been filed.

Based on the information available to the Court, the following Discovery Control Plan shall apply to this case unless modified by the Court. Any date that falls on a Saturday, Sunday or legal holiday (as determined by Montgomery County Commissioners Court) shall be moved to the next day which is not a Saturday, Sunday or legal holiday. Unless otherwise ordered by the Court, the dates set forth herein, as calculated from the suit filing date or the trial date stated below, remain applicable even if the trial date is reset, whether because a continuance is granted or otherwise. If no date or limitation on discovery is given below, the item is governed by the Texas Rules of Civil Procedure.

**THE PARTY CAUSING THE JOINDER OF ANY NEW PARTY FOLLOWING THE ISSUANCE OF THIS DISCOVERY CONTROL PLAN, WHETHER BY AMENDMENT OR THIRD-PARTY PRACTICE, SHALL PROVIDE A COPY OF THIS DOCUMENT, THE COURT'S TRIAL PREPARATION ORDER AND THE COURT'S ORDER OF REFERRAL TO ALTERNATIVE DISPUTE RESOLUTION TO THE JOINED PARTY.**

1.        **DISCOVERY PERIOD.** All discovery is governed by Rule 190.2. All discovery, including depositions, must be COMPLETED by the end of the discovery period. Counsel may conduct discovery beyond this deadline by agreement, but incomplete discovery WILL NOT delay dispositive motions or the trial.

2.        **EXPERT WITNESS DESIGNATION.** See Rule 195.2

3.        **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION.** See Rule 169(d)(4)(A)(iii). Unless the parties have timely filed an agreement not to engage in ADR, ADR IS REQUIRED. Failure to timely conduct ADR WILL NOT be grounds for a continuance.

4.  30 DAYS BEFORE TRIAL      **DISPOSITIVE MOTIONS.** Upon filing of the motion, the moving party shall contact the Court Coordinator and set a hearing date or a submission date that will occur **no later than the Wednesday before this date.**

5.  **MARCH 17, 2017**        **DOCKET CALL - PRE-TRIAL CONFERENCE. TIME 9:00 AM.** All parties and counsel shall be present at the Docket Call - Pretrial Conference and be prepared to discuss all aspects of trial with the Court. **PARTIES SHALL COMPLY WITH THE TRIAL PREPARATION ORDER.**

6.  **MARCH 20, 2017**        **JURY TRIAL. TIME 9:00 AM.** All parties remain on call for trial for the entire week AND for the week following unless released by the Court. **THIS CASE MAY ONLY BE CONTINUED TWICE, NOT TO EXCEED A TOTAL OF 60 DAYS.**

**FAILURE BY ANY PARTY SEEKING AFFIRMATIVE RELIEF TO APPEAR FOR THE DOCKET CALL - PRETRIAL CONFERENCE MAY RESULT IN DISMISSAL FOR WANT OF PROSECUTION OF THAT PARTY'S CLAIMS FOR AFFIRMATIVE RELIEF AT THAT TIME.**

**FAILURE BY ANY PARTY SEEKING AFFIRMATIVE RELIEF TO APPEAR FOR THE TRIAL WILL RESULT IN DISMISSAL FOR WANT OF PROSECUTION OF THAT PARTY'S CLAIMS FOR AFFIRMATIVE RELIEF AT THAT TIME.**

SIGNED: May 17, 2016.

/s/ *Cara Wood*
Presiding Judge
284th Judicial District Court

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Morrill, Patricia

**CAUSE NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT OF** |
| | | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | | |
| **METROPOLITAN LLOYDS** | § | **284TH JUDICIAL DISTRICT** |
| **INSURANCE COMPANY OF TEXAS;** | | |
| **TRAVIS LYNN HENGST** | | |

## TRIAL PREPARATION ORDER – CIVIL - JURY

Pursuant to Rule 166 of the Texas Rules of Civil Procedure, it is hereby **ORDERED** that a **PRE-TRIAL CONFERENCE - DOCKET CALL** is set in this action. Counsel shall be prepared to discuss all matters as may aid in the disposition of this action, including those items outlined in Rule 166 (a) - (p).

Pursuant to Rule 166, the following shall apply:

1) **PRE-TRIAL CONFERENCE - DOCKET CALL** shall be **MARCH 17, 2017, AT 9:00 AM.**

2 ) All parties shall be represented by counsel with authority to discuss all issues relating to this case (including settlement) at the **PRE-TRIAL CONFERENCE - DOCKET CALL.**

3) At the **PRE-TRIAL CONFERENCE - DOCKET CALL**, all parties must file with the Court and serve on opposing counsel the following:

    a)    Motions in Limine;

    b)    Proposed Charge to the Jury, definitions and instructions. Please furnish the Court a printed copy and a jump drive containing the Proposed Charge to the Jury (Word or WordPerfect);

    c)    Any briefs or authorities on issues that may come before the Court during trial.

    d)    EXHIBIT LIST. All exhibits that will be offered at trial shall be exchanged between counsel at the **PRE-TRIAL CONFERENCE - DOCKET CALL**. Exhibits agreed to be admitted shall be marked, retained by the attorney and shall be admitted into evidence as a first order of business at trial.

    e)    WITNESS LIST. Counsel shall designate all deposition excerpts that will be offered at trial by designated page and line. Objections to deposition testimony must be made in writing.

4) Any remaining pre-trial motions will be heard at the **PRE-TRIAL CONFERENCE - DOCKET CALL**.

5)     All other pre-trial matters shall be governed by the TEXAS RULES OF CIVIL PROCEDURE.

6)     All counsel shall be familiar with and shall comply with **THE TEXAS LAWYER'S CREED.**

It is the Court's desire that every trial be conducted professionally and efficiently for the benefit of the parties and the Court. If counsel have any other special requests or suggestions, Please advise the Court Coordinator.

SIGNED: May 17, 2016.

/s/ *Cara Wood*
Presiding Judge
284th Judicial District Court

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**CAUSE NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | IN THE DISTRICT COURT OF |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| **METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS; TRAVIS LYNN HENGST** | § | **284TH JUDICIAL DISTRICT** |

## ORDER OF REFERRAL TO MEDIATION - EXPEDITED ACTION

Unless the parties have timely filed an agreement not to engage in Alternative Dispute Resolution (ADR), the Court finds that this case is appropriate for ADR pursuant to Tex. Civ. Prac. & Rem. Code Ann., Section 154.001, et seq.

IT IS ORDERED that all parties are referred to use an ADR procedure which does not exceed a half-day in duration, excluding scheduling time, that does not exceed a total cost of twice the amount of the applicable civil filing fees for this case, and that is completed no later than sixty days before the initial trial setting in this case. If the parties do not agree on an ADR procedure or impartial third party (ITP), the parties are ORDERED to mediation with the Montgomery County Dispute Resolution Center (telephone 936-760-6914). The parties are to schedule ADR through their counsel, or personally if they are unrepresented by counsel. If no agreed date can be scheduled, then the ADR ITP shall select a date and all parties shall appear as directed. The date scheduled by the ADR ITP is incorporated in this Order as the date upon which the mediation shall occur. The date scheduled for ADR cannot be changed or cancelled except upon agreement of the parties. ADR can be rescheduled before the ADR deadline.

IT IS FURTHER ORDERED that the administration fees for ADR are to be divided and borne equally by the parties unless agreed otherwise, shall be paid by the parties directly to the ADR ITP and shall be taxed as costs.

IT IS FURTHER ORDERED that, upon completion of ADR, the ADR ITP is directed to advise this Court when the process was completed, whether the parties and their counsel appeared as ordered, and whether a settlement resulted.

As provided by Tex. Civ. Prac & Rem. Code Ann., Section 154.053 and Section 154.073, all matters, including the conduct and demeanor of the parties and their counsel during the ADR process, are to remain confidential and will not be disclosed to anyone, including this Court. Except as may be permitted by Tex. Civ. Prac. & Rem. Code Ann., Section 154.073, neither the ADR ITP nor the ADR ITP's files shall be subject to a subpoena or to a request for production filed by any person.

**SIGNED May 17, 2016.**

/s/ *Cara Wood*
Presiding Judge, 284th Judicial District Court

Received and E-Filed for Record
6/9/2016 3:25:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| | | |
|---|---|---|
| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410TH DISTRICT COURT |

## DEFENDANTS' MOTION TO SEVER AND ABATE, OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION TO BIFURCATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst ("Defendants"), in the above-entitled and numbered cause, and files their Motion to Sever and Abate Plaintiff's Extra-Contractual Causes of Action, or, in the alternative, Defendants' Motions to Bifurcate and in support thereof would respectfully show the Court as follows:

### I.

### BACKGROUND AND FACTS

1.0     Plaintiff Christina Butler ("Plaintiff") alleges that her home was damaged as a result of a wind and hailstorm that occurred in Magnolia, Texas on or about April 19, 2015. Despite this, the Plaintiff did not timely report the claim pursuant to the subject insurance policy, and the claim was not reported until August 14, 2015. Defendant Metropolitan promptly acknowledged and investigated Plaintiff's claim. Specifically, Metropolitan promptly acknowledged the claim in writing on August 17, 2015, and assigned the claim to Tailored Adjustment Services, Inc. Tailored Adjustment Services, Inc. assigned independent adjuster, Travis Lynn Hengst to inspect

the property.

1.1    Defendant Hengst inspected the Plaintiff's property on August 19, 2015. The Plaintiff was present during this inspection as well as her contractor, Terry Payie. The inspection of Plaintiff's property found there was no evidence of sudden and accidental hail damage to the roof. Rather, the inspection revealed deteriorated wood on the ceiling of the front porch, deteriorated wood on the fascia of the front/rear elevation, worn shingles on the front slope and deteriorated decking on the front slop.

1.2    Defendant Hengst completed his estimate on August 21, 2015. *See* Exhibit "A." The estimate calls for interior damage to the dwelling in the living room. The replacement cost value is $534.95, and the actual cash value is $443.88 which was below the policy deductible. On August 25, 2015, Metropolitan sent a letter to the Plaintiff, noting the policy deductible of $2,662.00, and the damages totaling $534.95. In addition, Metropolitan advised that the damage to the Plaintiff's home was caused by deteriorated wood and worn shingles. Therefore, due to the cited policy exclusions payment was declined at that time. *See* Exhibit "B."

1.3    On August 26, 2015, Metropolitan called the Plaintiff regarding the denial letter and below deductible letter. No additional activity occurred on the claim until Metropolitan received the subject lawsuit in February 2016.

1.5    In order to prevail against Defendants on his extra-contractual claims, the Plaintiff must first establish a breach of the insurance contract. Defendants are first entitled to a judicial determination of liability and damages pursuant to the terms of the contract. *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex. App.--Austin 1992, writ ref'd n.r.e.). Additionally, an adverse resolution of the benefits claim would relieve the parties and this court from involving themselves in expensive, time-consuming discovery and related matters on the premature extra-

contractual claims that have been asserted by the Plaintiff. Therefore, Defendants request that the Plaintiff's extra-contractual claims be severed and abated from their breach of contract claim.

## II.

## ARGUMENT AND AUTHORITIES

### A. REQUEST FOR SEVERANCE

2.0   A compelling justification for severance of contractual and extra-contractual claims is that bad faith type claims depend upon the outcome of the contractual cause of action. Consequently, it would be a waste of the court's, the jury's, the parties' and the attorneys' time to hear evidence on the extra-contractual claims when a finding in the contract lawsuit could be peremptorily dispositive. The Plaintiff's extra-contractual claims against Metropolitan are dependent upon a finding that it breached the insurance contract. *See Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995); *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994). Here, Plaintiff and Metropolitan have engaged in investigation of the Plaintiff's windstorm and hail damage claim. Metropolitan sent an independent adjuster to inspect the claim, who found that Plaintiff's roof was not damaged by hail and that the cost to repair the collateral items damaged would not meet or exceed the Plaintiff's deductible. A breach of an insurance contract claim is viewed as separate and distinct from bad faith and extra-contractual causes of action. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 672 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); see also *State Farm Mut. Auto. Ins. Co. v. Hon. Carroll E. Wilborn, Jr.,* 835 S.W.2d 260, 261 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). Consequently, if the contractual and extra-contractual claims are severed, and Metropolitan is absolved of liability for breach of contract, valuable time and money for the Court and the parties

will be saved from not having to present, argue and consider evidence regarding the extra-contractual causes of action.

## III.

### B.    REQUEST FOR ABATEMENT

3.0    Furthermore, because the contractual and extra-contractual claims in this case must be severed or tried separately, the extra-contractual claims must necessarily be abated.  It has long been the case that an insured may not prevail on an extra-contractual claim without first proving that an insurer has breached the insurance agreement. *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994)).  Accordingly, if Plaintiff is not successful on her breach of contract claim, it will be unnecessary for there to be any discovery or trial related to the extra-contractual claims asserted.

3.1    Without abatement, both parties will be put to the effort and expense of preparing for the trial of the extra-contractual claims which may be rendered moot by the trial of Plaintiff's breach of contract cause of action.  Plaintiff's breach of contract claim should be tried first.  Only in the event it is determined that Metropolitan breached a contract with the Plaintiff should she then be allowed a separate trial on the extra-contractual claims.  Further, granting Defendants' Motion to Sever and Abate will do justice and avoid prejudice. *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2nd 652, 658 (Tex. 1990).

## IV.

4.0    During discovery on Plaintiff's contractual claims, there would be no need for Defendants to reveal matters that are protected by privilege, because such matters simply are not relevant to Plaintiff's contractual claim.  Plaintiff's contractual claim will focus on the alleged storm damage to the roof and the cost to repair the damaged caused by the storm.  However, in

order to pursue discovery relative to her extra-contractual claims, the Plaintiff must focus on Defendants' *handling* of her claim. If discovery concerning the extra-contractual claims is not abated, Metropolitan will be prematurely forced to decide if it will waive attorney-client and work product privileges by revealing the content and nature of evaluations and discussions during the analysis of Plaintiff's insurance claim. Metropolitan would also be forced to prematurely consider waiving trade-secret privileges that detail the proprietary methods by which it analyzes, evaluates, and sometimes investigates claims. Such waivers may be necessary in order for Metropolitan to present evidence of the steps that were taken during analysis of Plaintiff's claim in defense of the extra-contractual allegations Plaintiff has asserted against it. If it is ultimately found that the Plaintiff's contractual claims are without merit, and therefore that Plaintiff's extra-contractual claims must also fail, then Metropolitan would have waived privileges unnecessarily, and the public, Plaintiff, and her attorney will have learned of privileged information that they otherwise would not have. Severance and abatement of the extra-contractual claims preclude that from happening and preserves Metropolitan's privileges until such time as waiver becomes necessary.

## V.

## C. ALTERNATIVE MOTION TO BIFURCATE

5.0    Should the Court decide there is no justification for abatement of discovery as to the extra-contractual claims from the contractual claims, Defendants alternatively seeks a bifurcation of the trial of Plaintiff's contractual claims and extra-contractual claims. Texas Rules of Civil Procedure 174(b) authorizes bifurcated trial. "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-

---

party claims, or issues." *Id* "An order for bifurcation, or separate trials, leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time." *Hall v. City of Austin*, 450 S.W.2d 836, 837-38 (Tex. 1970).

## VI.

## CONCLUSION

6.0    The Plaintiff's policy benefits case should be severed and abated from the extra-contractual claims in the interest of economy and justice. Further, severance and abatement is mandated in that evidence of evaluations, demand letters, communications, payments, and settlement offers will not only violate rules of evidence, but will also unfairly prejudice Defendants' rights to develop their defenses and force them to prematurely defend the claims handling aspects. Further, failure to sever and abate the Plaintiff's extra-contractual claims will cause Metropolitan to prematurely waive privileges.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas and Defendant Matthew Chisholm move and pray that the Court enter an order for the severance and abatement of the Plaintiff's alleged breach of contract/policy benefits claim from their extra-contractual claims; that all discovery related to any and all extra-contractual claims be abated until a resolution of the underlying breach of contract claim; and for such other and further relief, at law and in equity, special and general, to which Defendant Metropolitan Lloyds Insurance Company of Texas and Defendant Travis Lynn Hengst may be justly entitled to receive. In the alternative, Defendants request bifurcation in lieu of severance and abatement.

Respectfully submitted,

STACY & CONDER, LLP

By:_____

Dennis D. Conder
State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, TX 75202-3713
(214) 748-5000
(214) 748-1421 (FAX)
conder@stacyconder.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned conferred with counsel for Plaintiff on June 9, 2016. Plaintiff's counsel, Christy Hawkins, advised she is opposed to the motion. Therefore, this matter is presented to the court for determination.

_____
Dennis D. Conder

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of June, 2016, a copy of the foregoing was delivered to the Plaintiff's attorneys of record pursuant to the Texas Rules of Civil Procedure.

_____
Dennis D. Conder

JB/PLDG/570038.1/001466 16873

Received and E-Filed for Record
6/30/2016 1:31:31 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| | | |
|---|---|---|
| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 284TH DISTRICT COURT |

## ORDER ON DEFENDANT'S MOTION TO SEVER AND ABATE

Came on to be considered Defendant Metropolitan Lloyds Insurance Company of Texas' Motion To Sever and Abate and the Court, having considered said Motion, the Plaintiff's response, if any, the pleadings on file, and the arguments of counsel, if any, is of the opinion that said Motion is well-taken and should be GRANTED.

IT IS, THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant Metropolitan Lloyds Insurance Company of Texas' Motion to Sever and Abate is GRANTED, and the alleged bad faith, violations of the Texas Insurance Code, violations of the DTPA, and all extra-contractual damage claims whatsoever asserted by the Plaintiff be severed into a separate cause number.

IT IS FURTHER, ORDERED, ADJUDGED, AND DECREED that the clerk of this Court is hereby ORDERED AND DIRECTED TO:

(a) Docket the severed cause under Cause No. _____ and style the action *Christina Butler v. v. Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst*; and

(b) Transfer copies of the relevant pleadings and orders from Cause No. 16-02-01632 to Cause No. _____ as this Court further orders.

---

**ORDER ON DEFENDANT'S MOTION TO SEVER AND ABATE** Page 1

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the severed action containing all issues related to the alleged bad faith, violations of the Texas Insurance Code, violations of the DTPA, declaratory action, and all extra-contractual damage claims whatsoever, including discovery related thereto, bearing cause number _____, is abated pending a final judgment in Cause No. 16-02-01632 and further order of this Court.

SIGNED this _____ day of _____, 2016.

_____

**JUDGE PRESIDING**

PAN/PLDG/571029 1/001466.16873

Received and E-Filed for Record
7/11/2016 5:48:32 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## NO. 16-02-01632

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | **410TH JUDICIAL DISTRICT** |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SEVER AND ABATE, OR IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO BIFURCATE

COMES NOW, Plaintiff, Christina Butler, and files *Plaintiff's Response to Defendants' Motion to Sever and Abate, or in the Alternative, Plaintiff's Response to Defendants' Motion to Bifurcate.* Plaintiff respectfully requests that the Court deny Defendants' Motion to Sever and Abate, or in the alternative, to deny Defendants' Motion to Bifurcate. In support thereof, pursuant to the Texas Rules of Civil Procedure, Plaintiff shows the following:

### BACKGROUND

1. This lawsuit arises out of a homeowner's policy insurance claim for an April 19, 2015 wind and hailstorm that resulted in damage to Plaintiff's real property located in Magnolia, Texas ("the Property"). Plaintiff made a claim ("the Claim") against her insurance policy ("the Policy"). The Policy was issued by issued by Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan").

2. Metropolitan hired or assigned Defendant Travis Lynn Hengst ("Hengst") to inspect the Property and adjust the Claim on or about August 19, 2015. After Hengst's

inspection, Metropolitan partially denied coverage, citing in correspondence to Plaintiff that "the adjuster's inspection of [Plaintiff's] property found there was no evidence of sudden and accidental Hail damage to the decking, fascia, and ceiling of the front porch." *See* Exhibit A. No mention was made of the roof or other parts of the exterior of the Property in this partial denial letter.

3.     Despite the lack of covered damage to the exterior of the Property, Metropolitan did find that there was covered damage to the interior of the Property, specifically the living room ceiling, in the amount of $534.95. *See* Exhibit B.

4.     But for Plaintiff's Policy deductible, Plaintiff would have received $534.95 in covered contractual damages under the Policy. *Id.*

5.     As a result of this underpayment, Plaintiff filed suit against Defendants on February 11, 2016, asserting claims for fraud, breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.

6.     On March 4, 2016, Defendants filed a response to Plaintiff's lawsuit. On the same day, they also served Requests for Disclosures, Interrogatories, and Requests for Production on Plaintiff. Plaintiff responded to all of Defendants' initial discovery requests on May 11, 2016. Plaintiff propounded Interrogatories and Requests for Production on Defendants, to which Defendants partially responded on June 10, 2016.

7.     Just prior to responding to Plaintiff's discovery requests, Defendants filed their Motion to Sever and Abate, or in the alternative, their Motion to Bifurcate on June 9, 2016.

8.     As of the date of the filing of this response, Metropolitan has **not** (emphasis added) made a settlement offer on the breach of contract claim pending before this Court.

2

## ARGUMENT AND AUTHORITIES

9.      A court should deny a motion to sever if granting the motion will not do justice,
will not avoid prejudice, or if granting the motion would inconvenience the parties or the
court. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (citing *F.F.P. Operating Partners,
L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007)); *Owens v. Owens*, 228 S.W.3d 721, 726
(Tex. App.—Houston [14th Dist.] 2006, pet. dism'd) (citing *State Dept. of Highways &
Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993) (concluding the trial court abused
its discretion by granting a severance because the severed claim was so intertwined with
the underlying contract claim that they involved the same facts and issues)). The burden
of proof rests on the movant to prove through evidence how the movant will be prejudiced.
*Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 194 (Tex.—Corpus Christi 1993, orig.
proceeding).

10.      A claim is severable under Rule 41 of the Texas Rules of Civil Procedure if: (1)
more than one cause of action is controverted, (2) the severed claim is one that could be
asserted independently in a separate lawsuit, and (3) the severed actions are not so
interwoven with the other claims that they involve the same facts and issues. *Liberty Nat'l
Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *see also Hunter*, 865 S.W.2d at
191.

11.      However, Rule 41 does not countenance the severance of integrated and inseparable
causes of action into two or more parts, and the trial court has a duty to deny a motion to
sever when: (1) all the facts and circumstances unquestionably require the claims to be
tried together, (2) there is no fact or circumstance tending to support a contrary conclusion,
and (3) the legal rights of the parties will not be prejudiced. *See Lusk v. Puryear*, 896

3

S.W.2d 377, 379–80 (Tex. App.—Amarillo 1995, no writ) (holding that severance and abatement were improper because the insurer's entire liability, both contractually and statutorily, for the insurer's failure to pay a claim for which it was liable under the contract, was presented as single cause of action).

**I.    By allotting payment for damages to Plaintiff's interior, Defendant, Metropolitan, accepts liability under the Policy.    Therefore, Metropolitan's severance and abatement is an inappropriate remedy, and all claims must be tried together.**

12.    By filing a Motion to Sever and Abate, Defendants seek to separate contractual from extra-contractual liability. In doing so, Defendants maintain that their contractual liability is still at issue. However, as Defendants have already paid an undisputed amount of money on the claim, they have conceded some measure of contractual liability. *See In re Travelers Lloyds of Tex. Ins. Co.* 273 S.W. 3d 368, 373 (Tex. App.—San Antonio 2008) (holding that the insureds had a covered loss over the undisputed portion of the claim paid, making a separate trial on contractual damages redundant, as a trial on extra-contractual damages was already deemed inherently necessary).

13.    Similarly, *Universe Life Ins. Co. v. Giles* establishes that an agreement to pay costs for repair or replacement as set forth in an insurance company's estimate makes the liability of a defendant reasonably clear. *See* 950 S.W.2d 48, 69 (Tex. 1995). *See also United Nat'l. Ins. Co. v. AMJ Investments, LLC*, 447 S.W. 3d 1 (Tex. App.—Houston [14th Dist.] 2014).

14.    The factual trajectory of this case is similar to *In re Travelers Lloyds of Tex. Ins. Co.* As discussed above, Plaintiff asked Metropolitan to investigate her claim. Upon investigation of the claim, Metropolitan's adjuster, Hengst, determined that Plaintiff's Property did, in fact, have covered damage. To address these damages, Hengst authorized

4

payment of $534.95 for the damages resulting from the April 19, 2015 storm. *See* Exhibit
A.

15.     Defendants, by their own voluntary payment of the undisputed damages on the
Property, have already conceded that there are covered losses to the Property under the
Policy. Defendants now seek to have the contractual claims of the lawsuit severed from
the extra-contractual claims. At issue is not *whether* Defendant Metropolitan owes
payment under the Policy, but the scope and extent of payment. Given that Defendants
have already paid for damages on the claim, it is now improper to seek such severance. As
such, all of Plaintiff's claims must be tried together.

**II.     Defendants failed to carry their burden of proof showing specifically
how they will be prejudiced in the pre-trial discovery process.
Conversely, Defendants attempt to use the severance and abatement of
the contractual from the extra-contractual claims to prejudice
Plaintiff's discovery efforts.**

16.     Defendants failed to carry their burden of proof on their Motion to Sever and Abate.
Defendants make broad, conclusory statements about the need to sever and abate the
contractual from the extra-contractual claims without specifically delineating what
evidence they intend to offer during the discovery process that would be unduly prejudicial
to them. Defendants only claim that they might be forced to prematurely waive some
privilege, but they do not indicate what documents Plaintiff has requested that would force
them to do so. Alternatively, per the Texas Supreme Court, disclosure of a settlement
agreement represents the only potentially prejudicial evidence to Defendants. However,
as of the filing of this response, Defendants have not offered Plaintiff any settlement.

17.     When a defendant moves for severance, the defendant must present evidence
supporting its allegations that trying all Plaintiff's claims together will prejudice defendant.

5

*Hunter*, 865 S.W.2d at 194. In *Tex. Farmers Ins. Co. v. Cooper*, the Eighth District Court reiterated its position that the trial court should determine at the pretrial conference whether various claims require abatement. 916 S.W.2d 698, 702 (Tex. App. —El Paso 1996). The Eighth District Court noted in dicta that the joinder of claims that involve different, even conflicting, legal theories, does not trigger an automatic presumption of harm. *Id.* The movant for abatement must show specifically how it will be prejudiced if the abatement is denied, and provide concrete evidence outlining how its defense against Plaintiff's contract claims conflict with its defense against Plaintiff's bad faith claims. *Hunter*, 865 S.W.2d at 191 (stating that there is no presumption of a conflict requiring severance simply because contract and bad faith claims are joined).

18.    In crafting their argument that discovery requests pertaining to the extra-contractual portion of the lawsuit is privileged and is therefore prejudicial if made discoverable, Defendants offer mere conclusory and broad assertions of prejudice. The depth of Defendants' complaint of prejudice stops at the contention that Metropolitan will be "prematurely" forced to decide whether or not to waive the attorney-client and trade-secret privileges if discovery regarding Plaintiff's extra-contractual claims is not abated.

19.    In her Requests for Production, Plaintiff has requested a copy of Defendants' claim file and underwriting file, but Plaintiff has no intention of violating any of Defendants' privileges. Standard practice is for Defendants to provide a redacted version of their claim file to protect any privileged information that might exist. Defendants also have at their disposal the usual objections to written discovery (which they have, in fact, used).

20.    Aside from the protection of privileged information, the Texas Supreme Court has predicated their decision to sever contractual from extra-contractual claims on whether a

6

settlement has been offered to a plaintiff. *Akin*, 927 S.W.2d at 630. This would possibly necessitate the need to protect a defendant from any underlying prejudice that might result from the admissibility of a settlement offer during trial. *Id. Akin*, the controlling Texas Supreme Court case holds that:

> A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim . . . In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required. *Id.*

In fact, some courts have gone as far as to extend the holding in *Akin*, and have declined to abate and sever a case, even if a settlement offer has been made. *See In re Travelers Lloyds of Tex. Ins. Co.* 273 S.W. 3d at 370 (holding that the trial court did not abuse its discretion by denying severance and abatement of the case when a settlement offer was made to Plaintiffs after the commencement of litigation).

Again, no settlement offer has been made to Plaintiff. As such, there are no sensitive or confidential agreements between the parties that require relief from the Court in the form of severance and abatement.

## III. Severance and abatement will not further judicial economy in this matter, nor will bifurcation.

21. To grant Defendants' Motion to Sever and Abate or their Motion to Bifurcate would impede judicial efficiency and needlessly increase litigation costs. If the trial court abates discovery in the extra-contractual case until the contract claim is final, a lengthy delay is likely to result in duplicative efforts, witnesses who have died or disappeared, lost documents, and faded memories. *Cooper,* 916 S.W.2d at 702.

7

22.     Moreover, if the trial court denies abatement, pretrial proceedings may result in the disposition of both the contractual and extra-contractual claims, thereby promoting judicial efficiency. *Id.*

23.     Specifically, should the Court grant severance, Plaintiff anticipates the use of up to five different experts. Almost all experts will be required to testify at both trials, repeating the same information, and unnecessarily forcing Plaintiff into the expenditure of additional monetary resources.

24.     Requiring the Court to clear two blocks of time, empanel two different juries, and preside over two redundant trials, which may ultimately return conflicting verdicts requiring even more judicial proceedings to resolve any inconsistencies, is not more convenient than trying the entire case at one time. Therefore, the Court should deny Defendants' Motion to Sever and Abate or Defendants' Alternative Motion to Bifurcate because it will not promote justice, avoid prejudice, or further the convenience of the parties or the Court.

**IV.     Severance of the extra-contractual claims is not required in a first party bad faith case because the claims are so intertwined with the underlying contract claim that they involve the same facts and issues.**

25.     Severance is not mandatory nor is prejudice presumed merely because contractual and extra-contractual claims are joined in the same action. *See In re Allstate Tex. Lloyds and David Radigan*, 202 S.W.3d 895, 899 (Tex. App.—Corpus Christi 2006); *see also In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 234–37 (Tex. App.—El Paso 2012, orig. proceeding). In cases such as this, where Plaintiff is alleging violations of the Texas Insurance Code Sections 541 and 542, the DTPA, breach of the duty of good faith and fair dealing, fraud, conspiracy to commit fraud, and breach of contract, the severance of such

8

claims is neither required nor mandatory. *Hunter*, 865 S.W.2d at 194.

26.     In this case, Plaintiff's claims against Defendants are so intertwined with the underlying contract claim that they involve the same facts and issues because Defendants' breach of the duty of good faith and fair dealing forms the basis of the breach of contract claim.

27.     Also, as briefly discussed above, an integral piece of evidence exchanged in the discovery process is the insurance company's claim file. The claim file is a comprehensive document that establishes what actions an insurance company took on the claim, the damages on the claim, and the coverages on the claim under the Policy. As this is arguably the most important document in an insurance dispute, severing and abating the claim would require separation of the information in the claim file into contractual and extra-contractual categorizations. Given the highly integrated nature of the contractual and extra-contractual information in a claim file, such effort would not only be impossible, but might render the evidentiary record incomplete, and subject to misinterpretation.

28.     Additionally, due to Defendants' willful undervaluing of the claim and their failure to promptly settle Plaintiff's claim reasonably, most, if not all, of the evidence introduced will be admissible for and relevant to Plaintiff's claims. By failing to timely pay a covered claim, Defendant Metropolitan breached the contract and violated Section 542 of the Texas Insurance Code. Hence, Defendants' argument fails the third prong of Rule 41 because Plaintiff's claims against Defendants are so intertwined with the underlying contract claim that they involve the same facts and issues.

    **V.**    **There is no universal requirement that extra-contractual claims depend on the outcome of the underlying insurance contract claim or that extra-contractual claims must be severed and abated from the contractual claims.**

9

29.     In *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987), the Texas Supreme Court recognized an insurance company's duty to deal fairly and in good faith with its insureds. The breach of that duty gives rise to an action in tort. *Id.* In fact, the Court specifically noted that a contract claim and bad faith claim could be tried together "when possible." *Id.* at 168 n.1.

30.     Moreover, the Texas Supreme Court has never proscribed trying insurance contract claims together with extra-contractual claims, nor enunciated any requirement that the trial court sever an underlying insurance contract claim or abate the extra-contractual claims until liability under the contract has been determined. *See Id.*; *but cf. Hunter*, 865 S.W.2d at 192–93 (Tex. App.—Corpus Christi 1993, orig. proceeding) (noting that the Houston Courts of Appeal have mandated severance of the underlying contract on an **uninsured motorist policy** from a bad faith claim based upon the insurer's denial of coverage amounts) (emphasis added); *Motors Ins. Corp. v. Fashing*, 747 S.W.2d 13 (Tex. App.—El Paso 1988, orig. proceeding) (noting that although evidence of an insurance company's investigation of a claim and decision to pay or deny the claim would be privileged in an underlying **uninsured motorist coverage claim** and not the bad faith claim, the insurer's privilege remains intact until the uninsured motorist provision is determined) (emphasis added).

31.     In addition, in *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567–68 (Tex. 1990), the Court specifically rejected the contention that a bad faith claim is necessarily contingent upon the outcome of the underlying contract claim on the policy. In *Viles*, the Court held that denial of the contract claim on a technicality was not fatal to the bad faith claim. *Id.*; *see also Hunter*, 865 S.W.2d at 192–93 (acknowledging the joinder of contract and bad

10

faith claims analogous to the joinder of any other claim contingent upon an underlying claim which may be joined and tried together).

32. In this case, Plaintiff's claims against Defendants are so intertwined with the underlying contract claim that they involve the same facts and issues because Defendant Metropolitan's breach of the duty of good faith and fair dealing forms the basis of the breach of contract claim. Defendants' failure to promptly settle Plaintiff's claims reasonably is the heart of this case. Defendant Metropolitan had an obligation to fulfill the duties it owed to Plaintiff under the terms of the Policy and the Texas Insurance Code. Because Defendant Metropolitan failed to honor its obligations under the Policy and the Texas Insurance Code, Plaintiff had no recourse other than to file this lawsuit.

## CONCLUSION

33. The Court should deny Defendants' Motion to Sever and Abate because Defendants failed to meet their burden of proof requiring severance under Rule 41 of the Texas Rules of Civil Procedure. Defendants failed to specifically prove how they will be unduly prejudiced if their Motion to Sever and Abate is denied.

34. Likewise, Defendants failed to meet their burden of proof showing that severance or bifurcation will promote justice or judicial economy. Defendants have not shown any reason why the admission or exclusion of evidence, or the need to sever the trial of this matter requires severance at this early stage, rather than having the Court determine these matters at the pretrial conference.

35. Furthermore, the allegations involved in this case are so thoroughly intertwined that they pertain to the same fact issues. Separate lawsuits are not required because Defendants failed to meet their burden of proof establishing that the Motion to Sever and Abate or the Motion to Bifurcate, if granted, will promote justice, judicial economy, or

11

prevent undue prejudice. Simply, the economy of litigation costs all support the conclusion that Plaintiff's claims should be tried together. Trying all of Plaintiff's causes of action together, rather than in a piecemeal fashion, promotes public policy, reduces litigation costs, and promotes judicial economy and efficiency.

36.     Therefore, in consideration of all of the reasons discussed above, Plaintiff requests that the Court deny Defendants' Motion to Sever and Abate and also deny Defendants' Motion to Bifurcate.

## PRAYER

Plaintiff, Christina Butler, prays that the Court deny Defendants' Motion to Sever and Abate, or in the alternative, deny Defendants' Motion to Bifurcate in its entirety. Plaintiff, Christina Butler, also requests any other relief, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
cwilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
chawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Response to Defendants' Motion to Sever and Abate, or in the alternative, Plaintiff's Response to Defendants' Motion to Bifurcate has been sent to all counsel of record by certified U.S. Mail, facsimile, hand delivery, email, or electronic service on this 11th day of July 2016.

/s/ *Chad T. Wilson*
Chad T. Wilson

# Exhibit A

MetLife Auto & Home®
Homeowner Operations Field Claim Office
Attention: Claims
P.O. Box 6040
Scranton, PA 18505
(800) 854-6011

**MetLife**®

August 25, 2015

Christina Butler
7222 Ramblewood Dr
Magnolia, TX  77354

Our Customer:          Christina Butler
Claim Number:        JDF42356
Date of Loss:            April 19, 2015

Dear Ms. Butler:

As we discussed, your Homeowner's Policy has a $2,662.00 deductible. The damages resulting from this loss totaled $534.95.

We are unable to issue a payment to you because the amount of your loss is less than the amount of your policy deductible.

The adjuster's inspection of your property found there was no evidence of sudden and accidental Hail damage to the decking, fascia, and ceiling of the front porch. Rather, the inspection revealed deteriorated wood on the ceiling of the front porch, deteriorated wood on the fascia of the front/rear elevation, worn shingles on the front slope and deteriorated decking on the front slope.

Please refer to Module HP 3300 0904 of your Homeowner's Policy, which states in part:

* * *

## SECTION I - LOSSES WE COVER
(SPECIAL PERILS)

### LOSS DEDUCTIBLE CLAUSE
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

### COVERAGE A – DWELLING AND COVERAGE B - PRIVATE STRUCTURES
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

MetLife Auto & Home is a brand of Metropolitan Property and Casualty Insurance Company and its Affiliates, Warwick, RI

MPL HP3300DENIAL                                                                                        Printed in U.S.A  0898

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER
(SPECIAL PERILS)

3. **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:
   A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

**We** pay for any direct loss that follows items A. through I. to property described in Coverages A and B not otherwise excluded or excepted in this policy and then **we** pay for only the ensuing loss. If a covered water loss follows, **we** will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but **we** do not cover loss to the plumbing or appliance from which the water escaped.

The damage to your home was caused by deteriorated wood and worn shingles. We must, therefore, respectfully decline to make payment on your claim.

We hope this information explains our position. You should also be aware that no lawsuit or action may be brought against us by you unless there has been full compliance with all of the policy terms. Please refer to your policy for the specific time limitation to file suit. This letter is not intended as a waiver of any of the terms and provisions/conditions of your insurance policy with us.

If you have any questions regarding our explanation above, please contact me at 1-800-854-6011 ext. 7440.

Sincerely,

Homeowner Catastrophe Team
Metropolitan Lloyds Insurance Company of Texas
Claim Adjuster
(800) 854-6011 Ext. 7440
Fax: (855) 411-6689
Email: mah_cat_fax@metlife.com

A: Estimate

nh

# Exhibit B

## MetLife Auto and Home

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

| | | | |
|---|---|---|---|
| Insured: | CHRISTINA BUTLER | Home: | (999) 999-9999 |
| Property: | 7222 RAMBLEWOOD DR | Cellular: | (281) 413-5624 |
| | MAGNOLIA, TX 77354 | E-mail: | cabbright@sbcglobal.net |
| Home: | 7222 RAMBLEWOOD DR | | |
| | MAGNOLIA, TX 77354 | | |
| | | | |
| Claim Rep.: | Travis Hengst | Business: | (800) 316-0330 |
| | | E-mail: | irving@tailoredadjustment.com |
| | | | |
| Estimator: | Travis Hengst | Business: | (800) 316-0330 |
| | | E-mail: | irving@tailoredadjustment.com |

**Claim Number:** JDF42356          **Policy Number:** 000000000000000          **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 8/17/2015 8:30 PM | | |
| Date of Loss: | 4/19/2015 | Date Received: | 8/17/2015 |
| Date Inspected: | 8/19/2015 7:00 AM | Date Entered: | 8/17/2015 9:48 PM |
| Date Est. Completed: | 8/21/2015 9:41 AM | | |

| | |
|---|---|
| Price List: | TXTW8X_AUG15 |
| | Restoration/Service/Remodel |
| Estimate: | CHRISTINA__BUTLER |

MetLife Auto & Home is committed to helping you through the claim process and we will provide you with an exceptional customer experience. The following report has been developed to provide you with a detailed estimate for the damages to your property that are covered under your policy. The Xactimate software used to create this estimate applies the most up-to-date and reliable pricing information available for your area. We anticipate that you will review this estimate and encourage you to contact your adjuster with any further questions.

Please contact your MetLife adjuster immediately if your contractor's estimate exceeds the agreed values provided in this report or additional damages are identified. Your failure to provide timely notification to MetLife may impact our ability to extend coverage for any supplemental expense.

Your perspective on our service delivery is very important to us and we value your feedback. Please do not hesitate to contact us with your ideas and recommendations that will help us to enhance future performance. Our claims professionals are grateful for the opportunity to serve you and wish you the best with the completion of the repairs. We know that you have a choice when selecting your insurance provider and "Thank You" for choosing MetLife Auto & Home.

**MetLife Auto and Home**

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

CHRISTINA__BUTLER

### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No visible storm damage at time of inspection. | | | | | | |
| **Totals: Roof** | | | 0.00 | 0.00 | 0.00 | 0.00 |

### Front Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No visible storm damage at time of inspection. | | | | | | |
| **Totals: Front Elevation** | | | 0.00 | 0.00 | 0.00 | 0.00 |

### Right Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No visible storm damage at time of inspection. | | | | | | |
| **Totals: Right Elevation** | | | 0.00 | 0.00 | 0.00 | 0.00 |

### Rear Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No visible storm damage at time of inspection. | | | | | | |
| **Totals: Rear Elevation** | | | 0.00 | 0.00 | 0.00 | 0.00 |

### Left Elevation

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No visible storm damage at time of inspection. | | | | | | |
| **Totals: Left Elevation** | | | 0.00 | 0.00 | 0.00 | 0.00 |

**MetLife Auto and Home**

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

### Interior



| Living Room | | Height: 7' 8" |
|---|---|---|
| 1296.94 SF Walls | | 744.80 SF Ceiling |
| 2041.74 SF Walls & Ceiling | | 744.80 SF Floor |
| 82.76 SY Flooring | | 169.17 LF Floor Perimeter |
| 169.17 LF Ceil. Perimeter | | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1.  Contents - move out then reset | 1.00 EA | 40.72 | 0.00 | 40.72 | (0.00) | 40.72 |
| 2.  Mask the floor per square foot - plastic and tape - 4 mil | 744.80 SF | 0.17 | 2.46 | 129.08 | (0.00) | 129.08 |
| 3.  Seal the surface area w/latex based stain blocker - one coat | 2.00 SF | 0.44 | 0.01 | 0.89 | (0.00) | 0.89 |
| 4.  Paint the ceiling - one coat | 744.80 SF | 0.48 | 6.76 | 364.26 | (91.07) | 273.19 |
| **Totals:  Living Room** | | | **9.23** | **534.95** | **91.07** | **443.88** |
| **Total:  Interior** | | | **9.23** | **534.95** | **91.07** | **443.88** |
| **Line Item Totals:  CHRISTINA__BUTLER** | | | **9.23** | **534.95** | **91.07** | **443.88** |

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 1,296.94 | SF Walls | 744.80 | SF Ceiling | 2,041.74 | SF Walls and Ceiling |
| 744.80 | SF Floor | 82.76 | SY Flooring | 169.17 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 169.17 | LF Ceil. Perimeter |
| 744.80 | Floor Area | 801.63 | Total Area | 1,296.94 | Interior Wall Area |
| 1,317.39 | Exterior Wall Area | 171.83 | Exterior Perimeter of Walls | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

CHRISTINA__BUTLER

8/21/2015          Page: 3

### MetLife Auto and Home

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

## Summary for Dwelling

| | | |
|---|---|---|
| Line Item Total | | 525.72 |
| Material Sales Tax | | 9.23 |
| **Replacement Cost Value** | | **$534.95** |
| Less Depreciation | | (91.07) |
| **Actual Cash Value** | | **$443.88** |
| Less Deductible | [Full Deductible = 2,662.00] | (443.88) |
| **Net Claim** | | **$0.00** |
| Total Depreciation | | 91.07 |
| Less Residual Deductible | [Full Residual Deductible = 2,218.12] | (91.07) |
| Total Recoverable Depreciation | | 0.00 |
| **Net Claim if Depreciation is Recovered** | | **$0.00** |

Travis Hengst

**MetLife Auto and Home**

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

## Recap of Taxes

|            | Material Sales Tax (8.25%) | Manuf. Home Tax (5%) |
|------------|---------------------------:|---------------------:|
| Line Items | 9.23                       | 0.00                 |
| Total      | 9.23                       | 0.00                 |

**MetLife Auto and Home**

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

## Recap by Room

### Estimate: CHRISTINA_BUTLER

**Area: Interior**

| | | |
|---|---|---|
| **Living Room** | **525.72** | **100.00%** |
| **Area Subtotal: Interior** | **525.72** | **100.00%** |
| **Subtotal of Areas** | **525.72** | **100.00%** |
| **Total** | **525.72** | **100.00%** |

**MetLife Auto and Home**

Homeowner Operational Field Office
PO Box 6040
Scranton, PA. 18505 - 6040

## Recap by Category with Depreciation

| Items | RCV | Deprec. | ACV |
|---|---|---|---|
| CONTENT MANIPULATION | 40.72 | | 40.72 |
| PAINTING | 485.00 | 89.38 | 395.62 |
| Subtotal | 525.72 | 89.38 | 436.34 |
| Material Sales Tax | 9.23 | 1.69 | 7.54 |
| Total | 534.95 | 91.07 | 443.88 |

This is not an authorization to repair. Authorization to repair must come from the Homeowner. An authorized MetLife Auto and Home representative must approve any supplemental charge or it will not be honored. This estimate must be presented to the repair contractor before authorizing repairs. Failure to do so may result in additional expenses to you.

You should be aware that your policy contains a condition requiring you to protect your property from further damage, make reasonable and necessary repairs to the property and keep a record of necessary expenditures.

Under this policy condition, it is your responsibility to take immediate, affirmative steps to prevent any growth or accumulation of mold on your property.

Should you fail to comply with this policy condition, we will not be able to provide coverage for any loss or damage, which results from the growth or accumulation of mold on your property due to your failure to take such immediate, affirmative steps.

By law, you must keep customer information we provide to you CONFIDENTIAL. You may use it only to perform insurance-related services/functions for us and/or our customer(s). You may not use, share, sell or otherwise disclose this information for other purposes or to anyone else without our prior consent. If you do not agree to these terms, you must return this information to us at once

Our number one goal is to ensure that you are completely satisfied with your claim experience. If you have any questions or concerns about your claim, please call us at 1-800-854-6011 and we would be happy to assist you.

We realize that you have a choice when selecting an insurance company and we thank you for choosing MetLife Auto & Home.

MetLife Auto and Home is a brand name of Metropolitan Property and Casualty Insurance Company and Affiliates, Warwick, RI.

Received and E-Filed for Record
7/11/2016 5:48:32 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | **410TH JUDICIAL DISTRICT** |

## ORDER DENYING DEFENDANT'S MOTION TO SEVER AND ABATE

On this day came on for consideration of *Defendant's Motion to Sever and Abate* and

*Plaintiff's Response to Defendant's Motion to Sever and Abate*. After considering the Motion and

Response and evidence attached thereto, the Court is of the opinion that Defendants' Motion

should be DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED.

SIGNED this ⁵ day of August , 2016.

Signed: 8/5/2016 01:40 PM

Presiding District Judge

Received and E-Filed for Record
7/11/2016 5:48:32 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

NO. 16-02-01632

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | **410TH JUDICIAL DISTRICT** |

## ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE

On this day came on for consideration of *Defendant's Motion to Bifurcate* and *Plaintiff's Response to Defendant's Motion to Bifurcate*. After considering the Motion and Response and evidence attached thereto, the Court is of the opinion that Defendants' Motion should be DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED.

Signed: 8/5/2016 01:41 PM

SIGNED this ___5___ day of __August__, 2016.

_____
Presiding District Judge

Received and E-Filed for Record
9/13/2016 4:22:41 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## NO. 16-02-01632

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | **410TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Christina Butler, ("Plaintiff"), and files **Plaintiff's First Amended Petition**, complaining of Metropolitan Lloyds Insurance Company of Texas ("MetLife") and Travis Lynn Hengst ("Hengst") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

## PARTIES

2. Plaintiff, Christina Butler, resides in Montgomery County, Texas.

3. Defendant, Metropolitan Lloyds Insurance Company of Texas, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon MetLife, at the address listed with the Texas Department of Insurance, **C T Corporation System, 1999 Bryan Street, Suite. 900, Dallas, Texas 75201-3136**. MetLife has been served and has answered.

4.    Defendant, Travis Lynn Hengst, is an Adjuster in the course and working scope of
      employment with MetLife. Plaintiff requests service of citation upon Travis Lynn Hengst
      at the address listed with the Texas Department of Insurance, **119 Sumac Drive,
      Waxahachie, Texas 75165-7875**. Hengst has been served and has answered.

## JURISDICTION

5.    The Court has jurisdiction over Metropolitan Lloyds Insurance Company of Texas because
      this defendant engages in the business of insurance in the State of Texas, and the causes of
      action arise out of Defendant's business activities in the state, including those in
      Montgomery County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Travis Lynn Hengst because this Defendant engages in the
      business of adjusting insurance claims in the State of Texas, and the causes of action arise
      out of his business activities in the State of Texas, including those in Montgomery County,
      Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Montgomery County, Texas, because the insured property is located in
      Montgomery County, Texas, and all or a substantial part of the events giving rise to this
      lawsuit occurred in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE §
      15.032.

## FACTS

8.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of
      the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiff owns a Metropolitan Lloyds Insurance Company of Texas homeowner's insurance

2

policy, number 1341322710 ("the Policy"), which was issued by MetLife. At all relevant times, Plaintiff owned the insured premises located at 7222 Ramblewood Dr., Magnolia, Texas, 77354-2226 ("the Property").

10. MetLife or its agent sold the Policy, insuring the Property, to Plaintiff. MetLife represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.

11. On or about April 19, 2015, the exterior and interior of the Property sustained extensive damage resulting from a severe wind and hailstorm that passed through the Magnolia, Texas, area.

12. The exterior of the Property suffered damage to the front, right, rear, and left elevations, as well as to the roof.

13. The interior of the Property suffered damage to the living room, kitchen, hallway, master bedroom, master bathroom, master closet, the hall bathroom, an additional bedroom and closet, and the front porch.

14. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to MetLife against the Policy for damage to the Property. MetLife assigned claim number JDF42356 to Plaintiff's claim.

15. Plaintiff asked MetLife to cover the cost of damage to the Property pursuant to the Policy.

16. MetLife hired or assigned its agent, Hengst, to inspect and adjust the claim. Hengst conducted an inspection on or about August 19, 2015. Hengst found damages only to the Property's living room. His inspection generated estimated damages of $534.95.

17. MetLife sent Plaintiff a denial letter stating "[t]he adjuster's inspection of your property

3

found there was no evidence of sudden and accidental Hail damage to the decking, fascia, and ceiling of the front porch."

18.    MetLife claimed all damage was caused by deterioration and stated to Plaintiff "[t]he damage to your home was caused by deteriorated wood and worn shingles" in their denial letter.

19.    After application of the Policy deductible, Plaintiff was left with $0.00 to repair the damages to the Property. The replacement cost is currently estimated at $35,817.19.

20.    MetLife, through its agent, Hengst, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to deny coverage. This is evident in Hengst's report, which failed to include all hail and windstorm damage to the Property.    MetLife deliberately underestimated damages to avoid any substantive coverage and used improper standards to deny Plaintiff's claim.

21.    As stated above, MetLife improperly adjusted Plaintiff's claim. Without limitation, MetLife misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.    MetLife made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. MetLife made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Hengst.

4

23.   Plaintiff relied on MetLife misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.   Upon receipt of the inspection and estimate reports from Hengst, MetLife failed to assess the claim thoroughly.  Based upon MetLife's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to deny coverage, MetLife failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.   Because MetLife failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26.   Furthermore, MetLife failed to perform its contractual duties to Plaintiff under the terms of the Policy.  Specifically, MetLife refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.   MetLife's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.   MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1).  MetLife has failed to settle Plaintiff's claim in a fair manner, although MetLife was aware of their liability to Plaintiff under the Policy. Specifically, MetLife has failed to, in an honest and fair manner, balance its own interests

5

in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.     MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Defendant failed to provide Plaintiff a reasonable explanation for denial and underpayment of the claim.

30.     Additionally, after MetLife received statutory demand on or about November 18, 2015, MetLife has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31.     MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). MetLife refused to provide full coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

32.     Specifically, MetLife, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33.     MetLife's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. MetLife failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34.     MetLife's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. MetLife failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, MetLife has

6

delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35.    MetLife's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

### BREACH OF CONTRACT

36.    MetLife is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between MetLife and Plaintiff.

37.    MetLife's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of MetLife's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38.    MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39.    MetLife's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

7

40. MetLife's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though MetLife's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. MetLife's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial and underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. MetLife's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43. MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. MetLife's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. MetLife's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

46. MetLife's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though MetLife knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

47. MetLife's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by MetLife pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against MetLife. Specifically, MetLife's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, MetLife has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. MetLife's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. MetLife represented to Plaintiff that the Policy and MetLife's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

9

C.    MetLife represented to Plaintiff that MetLife's Policy and adjusting services were
of a particular standard, quality, or grade when they were of another, in violation
of section 17.46(b)(7) of the DTPA.

D.    MetLife advertised the Policy and adjusting services with the intent not to sell them
as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    MetLife breached an express warranty that the damages caused by wind and hail
would be covered under the Policy. This breach entitles Plaintiff to recover under
sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    MetLife's actions are unconscionable in that MetLife took advantage of Plaintiff's
lack of knowledge, ability, and experience to a grossly unfair degree. MetLife's
unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3)
of the DTPA; and

G.    MetLife's conduct, acts, omissions, and failures, as described in this petition, are
unfair practices in the business of insurance in violation of section 17.50(a)(4) of
the DTPA.

48.    Each of the above-described acts, omissions, and failures of MetLife is a producing cause
of Plaintiff's damages. All of MetLife's acts, omissions, and failures were committed
"knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.    MetLife is liable to Plaintiff for common law fraud.

50.    Every misrepresentation described above concerned material facts that absent such
representations, Plaintiff would not have acted as he did, and MetLife knew the

10

representations were false or made recklessly without any knowledge of their truth as a positive assertion.

51.    MetLife made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVIS LYNN HENGST

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

52.    Hengst's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

53.    Hengst is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of MetLife, because Hengst is a "person" as defined by TEX. INS. CODE §541.002(2).

54.    Hengst's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

55.    Hengst's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial and underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a) (3).

11

56.     Hengst knowingly underestimated the amount of damage to the Property.  As such, Hengst failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

57.     Furthermore, Hengst did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

58.     Hengst's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Hengst pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Hengst. Specifically, Hengst's violations of the DTPA include the following matters:

   A.     By his acts, omissions, failures, and conduct, Hengst has violated sections 17.46(b) (2), (5), and (7) of the DTPA.  Hengst's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B.     Hengst represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C.     Hengst represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

12

D. Hengst's actions are unconscionable in that Hengst took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Hengst's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E. Hengst's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59. Each of Hengst's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Hengst, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

61. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

62. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

13

to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

63. Plaintiff currently estimates that actual damages to the Property under the Policy are $35,817.19.

64. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

65. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

66. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

14

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount MetLife owed, exemplary damages, and damages for emotional distress.

69. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that

15

Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000. See Exhibit A, attached. Plaintiff hereby stipulates that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a). *Id.* Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

73. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

74. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiff has tendered the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst, be cited and served to appear, and that upon trial hereof, Plaintiff, Christina Butler, recovers from Defendants, Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

16

exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17

## CERTIFICATE OF STIPULATION

I hereby certify and stipulate that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a). See Exhibit A.

/s/ *Chad T. Wilson*
Chad T. Wilson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's First Amended Petition has been sent to all counsel of record by certified U.S. Mail, facsimile, hand delivery, email, or electronic service on this 13th day of September, 2016.

/s/ *Chad T. Wilson*
Chad T. Wilson

NO. _____

| | | |
|---|---|---|
| CHRISTINA BUTLER,<br>　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | MONTGOMERY COUNTY, |
| METROPOLITAN LLOYDS<br>INSURANCE COMPANY OF<br>TEXAS AND TRAVIS LYNN HENGST,<br>　　Defendants. | §<br>§<br>§<br>§ | _____ DISTRICT COURT |

### AFFIDAVIT OF STIPULATION

| | |
|---|---|
| State of Texas | § |
| | § |
| County of Harris | § |

BEFORE ME, the undersigned authority, personally appeared **CHRISTIAN ELIZABETH HAWKINS**, who is personally known to me, and being duly sworn by law upon her oath, deposed and stated:

My name is Christian Elizabeth Hawkins. I am of sound mind and capable of making this Affidavit of Stipulation. I am over the age of twenty-one and have personal knowledge of the facts stated herein, which are true and correct. At all times material hereto, I have been an attorney at CHAD T WILSON LAW FIRM PLLC. I am an attorney representing Plaintiff, Christina Butler, in the above-styled cause in Montgomery County District Court.

I hereby stipulate that Plaintiff will not accept a judgment that exceeds the sum or value of $75,000, exclusive of interest and costs, as those terms are used in 28 U.S.C. § 1332(a).

I personally attest that all the facts stated in this Affidavit of Stipulation are true and accurate to the best of my knowledge.

Further Affiant sayeth not.

_____
CHRISTIAN ELIZABETH HAWKINS

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this 11th day of February, 2016 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC -- STATE OF TEXAS



19

Received and E-Filed for Record
9/13/2016 4:25:33 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| | | |
|---|---|---|
| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | |
| and TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410th DISTRICT COURT |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF TRAVIS LYNN HENGST

To:    Travis Lynn Hengst, by and through Travis Lynn Hengst's attorney of record, Dennis D. Conder, Stacy & Conder, LLP, 901 Main Street, Suite 6200 Dallas, Texas 75202

PLEASE TAKE NOTICE that Christina Butler, Plaintiff herein, will take the oral and videotaped deposition of Metropolitan Lloyds Insurance Company of Texas Adjuster **Travis Lynn Hengst**, upon oral examination, pursuant to the Texas Rules of Civil Procedure, before a certified court reporter and videographer with DepoTexas. Said deposition will be taken on **Wednesday, October 26, 2016,** at **10:00 A.M.** at 901 Main Street, Suite 6200 Dallas, Texas 75202, and will continue until completed. This deposition is being taken for the purpose of being used in the above-entitled and numbered cause. The witness is instructed to bring with him at the time of his deposition all documents listed in the attached Subpoena Duces Tecum ("Exhibit A").

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Christian E. Hawkins
Bar No. 24092499
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
chawkins@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Notice of Intent to Take the Oral and Videotaped Deposition of Travis Lynn Hengst has been forwarded to the Parties listed below via certified U.S. Mail, facsimile, hand delivery, or electronic service on this day of September 13, 2016.

Dennis D. Conder
conder@stacyconder.com
Stacy & Conder, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202
Phone: (214) 748-5000
Facsimile: (214) 748-1421

ATTORNEYS FOR METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS
AND TRAVIS LYNN HENGST

*/s/ Chad T. Wilson*

## EXHIBIT A

### SUBPOENA DUCES TECUM

1. A current curriculum vitae or resume.

2. A copy of your claim investigation file and all computerized documents in your possession relating to Plaintiff's claim, maintained in the ordinary course of your business from the date this claim was received by you through the date this lawsuit was filed. This request includes but is not limited to the following:

   a. Communications and documents from you and all adjuster(s) who worked on Plaintiff's claim; and
   b. Your claim handler notes and handwritten notes.
   c. All photos you have taken of the property (whether labeled or not).

3. Copies of all papers, computer data, or documents that establish the date that you began any investigation(s) of Plaintiff's claim.

4. Copies of all documents, reports or other written records that pertain to any investigation(s) made by you that pertain to the damages made the basis of Plaintiff's claim.

5. Copies of any documents reviewed by you that were created by any investigator concerning Plaintiff's claim.

6. Copies of any documents reviewed by you that were created by any public adjuster concerning Plaintiff's claim.

7. Copies of any and all correspondence, e.g., letters, emails, and/or text messages that were exchanged between you and any officer, agent and/or employee of Metropolitan Lloyds Insurance Company of Texas regarding the investigation of Plaintiff's claim.

8. Copies of any and all inter-office memoranda, computer data, or other form of written communications by any agent, employee, representative, or any other person acting on behalf of Metropolitan Lloyds Insurance Company of Texas that relate to the initial process of investigating, inspecting, evaluating or assisting with Plaintiff's claim.

9. Copies of any and all written communication(s) between you and Metropolitan Lloyds Insurance Company of Texas that pertain to your inspection of Plaintiff's property and your inspection report.

10. Copies of any and all documents and/or tangible things reviewed by you and/or relied upon by you in preparation of your inspection of Plaintiff's property.

11. A copy of any new or revised inspection/appraisal report prepared for Metropolitan Lloyds Insurance Company of Texas for this claim.

Received and E-Filed for Record
10/25/2016 2:33:19 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| | | |
|---|---|---|
| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | |
| and TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410th DISTRICT COURT |

## PLAINTIFF'S FIRST AMENDED NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF TRAVIS LYNN HENGST

To:     Travis Lynn Hengst, by and through Travis Lynn Hengst's attorney of record, Dennis D. Conder, Stacy & Conder, LLP, 901 Main Street, Suite 6200 Dallas, Texas 75202

PLEASE TAKE NOTICE that Christina Butler, Plaintiff herein, will take the oral and videotaped deposition of Metropolitan Lloyds Insurance Company of Texas Adjuster **Travis Lynn Hengst**, upon oral examination, pursuant to the Texas Rules of Civil Procedure, before a certified court reporter and videographer with DepoTexas. Said deposition will be taken on **Wednesday, December 21, 2016,** at **1:30 P.M.** at 901 Main Street, Suite 6200 Dallas, Texas 75202, and will continue until completed. This deposition is being taken for the purpose of being used in the above-entitled and numbered cause. The witness is instructed to bring with him at the time of his deposition all documents listed in the attached Subpoena Duces Tecum ("Exhibit A").

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff's First Amended Notice of Intent to Take the Oral and Videotaped Deposition of Travis Lynn Hengst has been forwarded to the Parties listed below via certified U.S. Mail, facsimile, hand delivery, or electronic service on this day of October 25, 2016.

Dennis D. Conder
conder@stacyconder.com
Stacy & Conder, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202
Phone: (214) 748-5000
Facsimile: (214) 748-1421

ATTORNEYS FOR METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS
AND TRAVIS LYNN HENGST

*/s/ Chad T. Wilson*

## EXHIBIT A

## SUBPOENA DUCES TECUM

1. A current curriculum vitae or resume.

2. A copy of your claim investigation file and all computerized documents in your possession relating to Plaintiff's claim, maintained in the ordinary course of your business from the date this claim was received by you through the date this lawsuit was filed. This request includes but is not limited to the following:

   a. Communications and documents from you and all adjuster(s) who worked on Plaintiff's claim; and
   b. Your claim handler notes and handwritten notes.
   c. All photos you have taken of the property (whether labeled or not).

3. Copies of all papers, computer data, or documents that establish the date that you began any investigation(s) of Plaintiff's claim.

4. Copies of all documents, reports or other written records that pertain to any investigation(s) made by you that pertain to the damages made the basis of Plaintiff's claim.

5. Copies of any documents reviewed by you that were created by any investigator concerning Plaintiff's claim.

6. Copies of any documents reviewed by you that were created by any public adjuster concerning Plaintiff's claim.

7. Copies of any and all correspondence, e.g., letters, emails, and/or text messages that were exchanged between you and any officer, agent and/or employee of Metropolitan Lloyds Insurance Company of Texas regarding the investigation of Plaintiff's claim.

8. Copies of any and all inter-office memoranda, computer data, or other form of written communications by any agent, employee, representative, or any other person acting on behalf of Metropolitan Lloyds Insurance Company of Texas that relate to the initial process of investigating, inspecting, evaluating or assisting with Plaintiff's claim.

9. Copies of any and all written communication(s) between you and Metropolitan Lloyds Insurance Company of Texas that pertain to your inspection of Plaintiff's property and your inspection report.

10. Copies of any and all documents and/or tangible things reviewed by you and/or relied upon by you in preparation of your inspection of Plaintiff's property.

11. A copy of any new or revised inspection/appraisal report prepared for Metropolitan Lloyds Insurance Company of Texas for this claim.

Received and E-Filed for Record
10/31/2016 3:26:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| | | |
|---|---|---|
| CHRISTINA BUTLER, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | |
| and TRAVIS LYNN HENGST, | § | |
| | § | |
| Defendants. | § | 410th DISTRICT COURT |

## PLAINTIFF'S SECOND AMENDED NOTICE OF INTENT TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF TRAVIS LYNN HENGST

To:     Travis Lynn Hengst, by and through Travis Lynn Hengst's attorney of record, Dennis D. Conder, Stacy & Conder, LLP, 901 Main Street, Suite 6200 Dallas, Texas 75202

PLEASE TAKE NOTICE that Christina Butler, Plaintiff herein, will take the oral and videotaped deposition of Metropolitan Lloyds Insurance Company of Texas Adjuster **Travis Lynn Hengst**, upon oral examination, pursuant to the Texas Rules of Civil Procedure, before a certified court reporter and videographer with DepoTexas. Said deposition will be taken on **Wednesday, December 21, 2016,** at **10:30 A.M.** at 901 Main Street, Suite 6200 Dallas, Texas 75202, and will continue until completed. This deposition is being taken for the purpose of being used in the above-entitled and numbered cause. The witness is instructed to bring with him at the time of his deposition all documents listed in the attached Subpoena Duces Tecum ("Exhibit A").

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/Chad T. Wilson

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Second Amended Notice of Intent to Take the Oral and Videotaped Deposition of Travis Lynn Hengst has been forwarded to the Parties listed below via certified U.S. Mail, facsimile, hand delivery, or electronic service on this day of October 31, 2016.

Dennis D. Conder
conder@stacyconder.com
Stacy & Conder, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202
Phone: (214) 748-5000
Facsimile: (214) 748-1421

ATTORNEYS FOR METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS
AND TRAVIS LYNN HENGST

*/s/ Chad T. Wilson*

## EXHIBIT A

## SUBPOENA DUCES TECUM

1. A current curriculum vitae or resume.

2. A copy of your claim investigation file and all computerized documents in your possession relating to Plaintiff's claim, maintained in the ordinary course of your business from the date this claim was received by you through the date this lawsuit was filed. This request includes but is not limited to the following:

   a. Communications and documents from you and all adjuster(s) who worked on Plaintiff's claim; and
   b. Your claim handler notes and handwritten notes.
   c. All photos you have taken of the property (whether labeled or not).

3. Copies of all papers, computer data, or documents that establish the date that you began any investigation(s) of Plaintiff's claim.

4. Copies of all documents, reports or other written records that pertain to any investigation(s) made by you that pertain to the damages made the basis of Plaintiff's claim.

5. Copies of any documents reviewed by you that were created by any investigator concerning Plaintiff's claim.

6. Copies of any documents reviewed by you that were created by any public adjuster concerning Plaintiff's claim.

7. Copies of any and all correspondence, e.g., letters, emails, and/or text messages that were exchanged between you and any officer, agent and/or employee of Metropolitan Lloyds Insurance Company of Texas regarding the investigation of Plaintiff's claim.

8. Copies of any and all inter-office memoranda, computer data, or other form of written communications by any agent, employee, representative, or any other person acting on behalf of Metropolitan Lloyds Insurance Company of Texas that relate to the initial process of investigating, inspecting, evaluating or assisting with Plaintiff's claim.

9. Copies of any and all written communication(s) between you and Metropolitan Lloyds Insurance Company of Texas that pertain to your inspection of Plaintiff's property and your inspection report.

10. Copies of any and all documents and/or tangible things reviewed by you and/or relied upon by you in preparation of your inspection of Plaintiff's property.

11. A copy of any new or revised inspection/appraisal report prepared for Metropolitan Lloyds Insurance Company of Texas for this claim.

Received and E-Filed for Record
11/10/2016 12:42:57 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## NO. 16-02-01632

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **and TRAVIS LYNN HENGST,** | § | |
| **Defendants.** | § | **410ᵀᴴ JUDICIAL DISTRICT** |

---

## PLAINTIFF'S SECOND AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Christina Butler, ("Plaintiff"), and files **Plaintiff's Second Amended Petition**, complaining of Metropolitan Lloyds Insurance Company of Texas ("MetLife") and Travis Lynn Hengst ("Hengst") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Christina Butler, resides in Montgomery County, Texas.

3. Defendant, Metropolitan Lloyds Insurance Company of Texas, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon MetLife, at the address listed with the Texas Department of Insurance, **C T Corporation System, 1999 Bryan Street, Suite. 900, Dallas, Texas 75201-3136**. MetLife has been served and has answered.

4.      Defendant, Travis Lynn Hengst, is an Adjuster in the course and working scope of
        employment with MetLife. Plaintiff requests service of citation upon Travis Lynn Hengst
        at the address listed with the Texas Department of Insurance, **119 Sumac Drive,**
        **Waxahachie, Texas 75165-7875**. Hengst has been served and has answered.

## JURISDICTION

5.      The Court has jurisdiction over Metropolitan Lloyds Insurance Company of Texas because
        this defendant engages in the business of insurance in the State of Texas, and the causes of
        action arise out of Defendant's business activities in the state, including those in
        Montgomery County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Travis Lynn Hengst because this Defendant engages in the
        business of adjusting insurance claims in the State of Texas, and the causes of action arise
        out of his business activities in the State of Texas, including those in Montgomery County,
        Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Montgomery County, Texas, because the insured property is located in
        Montgomery County, Texas, and all or a substantial part of the events giving rise to this
        lawsuit occurred in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE §
        15.032.

## FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of
        the Texas Insurance Code, and violations of the Texas DTPA.

9.      Plaintiff owns a Metropolitan Lloyds Insurance Company of Texas homeowner's insurance

policy, number 1341322710 ("the Policy"), which was issued by MetLife. At all relevant times, Plaintiff owned the insured premises located at 7222 Ramblewood Dr., Magnolia, Texas, 77354-2226 ("the Property").

10. MetLife or its agent sold the Policy, insuring the Property, to Plaintiff. MetLife represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.

11. On or about April 19, 2015, the exterior and interior of the Property sustained extensive damage resulting from a severe wind and hailstorm that passed through the Magnolia, Texas, area.

12. The exterior of the Property suffered damage to the front, right, rear, and left elevations, as well as to the roof.

13. The interior of the Property suffered damage to the living room, kitchen, hallway, master bedroom, master bathroom, master closet, the hall bathroom, and an additional bedroom and closet.

14. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to MetLife against the Policy for damage to the Property. MetLife assigned claim number JDF42356 to Plaintiff's claim.

15. Plaintiff asked MetLife to cover the cost of damage to the Property pursuant to the Policy.

16. MetLife hired or assigned its agent, Hengst, to inspect and adjust the claim. Hengst conducted an inspection on or about August 19, 2015. Hengst found damages only to the Property's living room. His inspection generated estimated damages of $534.95.

17. MetLife sent Plaintiff a denial letter stating "[t]he adjuster's inspection of your property

3

found there was no evidence of sudden and accidental Hail damage to the decking, fascia, and ceiling of the front porch."

18.   MetLife claimed all damage was caused by deterioration and stated to Plaintiff "[t]he damage to your home was caused by deteriorated wood and worn shingles" in their denial letter.

19.   After application of the Policy deductible, Plaintiff was left with $0.00 to repair the damages to the Property. The replacement cost is currently estimated at $42,202.59.

20.   MetLife, through its agent, Hengst, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to deny coverage. This is evident in Hengst's report, which failed to include all hail and windstorm damage to the Property.   MetLife deliberately underestimated damages to avoid any substantive coverage and used improper standards to deny Plaintiff's claim.

21.   As stated above, MetLife improperly adjusted Plaintiff's claim. Without limitation, MetLife misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22.   MetLife made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. MetLife made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Hengst.

4

23.  Plaintiff relied on MetLife misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.  Upon receipt of the inspection and estimate reports from Hengst, MetLife failed to assess the claim thoroughly.  Based upon MetLife's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to deny coverage, MetLife failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.  Because MetLife failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

26.  Furthermore, MetLife failed to perform its contractual duties to Plaintiff under the terms of the Policy.  Specifically, MetLife refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.  MetLife's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.  MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).  MetLife has failed to settle Plaintiff's claim in a fair manner, although MetLife was aware of their liability to Plaintiff under the Policy. Specifically, MetLife has failed to, in an honest and fair manner, balance its own interests

5

in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.    MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  Defendant failed to provide Plaintiff a reasonable explanation for denial and underpayment of the claim.

30.    Additionally, after MetLife received statutory demand on or about November 18, 2015, MetLife has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31.    MetLife's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  MetLife refused to provide full coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

32.    Specifically, MetLife, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33.    MetLife's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  MetLife failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34.    MetLife's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  MetLife failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, MetLife has

6

delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35.     MetLife's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

### BREACH OF CONTRACT

36.     MetLife is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between MetLife and Plaintiff.

37.     MetLife's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of MetLife's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38.     MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39.     MetLife's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

7

40. MetLife's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though MetLife's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

41. MetLife's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial and underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

42. MetLife's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43. MetLife's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

44. MetLife's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. MetLife's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

46.    MetLife's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,
       even though MetLife knew or should have known by the exercise of reasonable diligence
       that liability was reasonably clear, constitutes a breach of the duty of good faith and fair
       dealing.

## DTPA VIOLATIONS

47.    MetLife's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
       and services provided by MetLife pursuant to the DTPA. Plaintiff has met all conditions
       precedent to bringing this cause of action against MetLife. Specifically, MetLife's
       violations of the DTPA include, without limitation, the following matters:

       A.    By its acts, omissions, failures, and conduct, MetLife has violated sections
             17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. MetLife's violations
             include, (1) unreasonable delays in the investigation, adjustment, and resolution of
             Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure
             to pay for the proper repair of Plaintiff's property when liability has become
             reasonably clear, which gives Plaintiff the right to recover under section
             17.46(b)(2).

       B.    MetLife represented to Plaintiff that the Policy and MetLife's adjusting agent and
             investigative services had characteristics or benefits they did not possess, which
             gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

9

C.   MetLife represented to Plaintiff that MetLife's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   MetLife advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   MetLife breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   MetLife's actions are unconscionable in that MetLife took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. MetLife's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.   MetLife's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.   Each of the above-described acts, omissions, and failures of MetLife is a producing cause of Plaintiff's damages. All of MetLife's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.   MetLife is liable to Plaintiff for common law fraud.

50.   Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as he did, and MetLife knew the

representations were false or made recklessly without any knowledge of their truth as a positive assertion.

51.     MetLife made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVIS LYNN HENGST

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

52.     Hengst's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

53.     Hengst is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of MetLife, because Hengst is a "person" as defined by TEX. INS. CODE §541.002(2).

54.     Hengst's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

55.     Hengst's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial and underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

11

56.     Hengst knowingly underestimated the amount of damage to the Property.  As such, Hengst failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

57.     Furthermore, Hengst did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

### DTPA VIOLATIONS

58.     Hengst's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Hengst pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Hengst. Specifically, Hengst's violations of the DTPA include the following matters:

    A.     By his acts, omissions, failures, and conduct, Hengst has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Hengst's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

    B.     Hengst represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

    C.     Hengst represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b) (7) of the DTPA.

12

D.  Hengst's actions are unconscionable in that Hengst took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Hengst's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.  Hengst's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.  Each of Hengst's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Hengst, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60.  Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

61.  Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

62.  The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

13

to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

63. Plaintiff currently estimates that actual damages to the Property under the Policy are $42,202.59.

64. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

65. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

66. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

14

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount MetLife owed, exemplary damages, and damages for emotional distress.

69. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

15

that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

73.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas. Plaintiff has tendered the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst, be cited and served to appear, and that upon trial hereof, Plaintiff, Christina Butler, recovers from Defendants, Metropolitan Lloyds Insurance Company of Texas and Travis Lynn Hengst, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

[SIGNATURE PAGE TO FOLLOW]

16

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff's Second Amended Petition has been sent to all counsel of record by certified U.S. Mail, facsimile, hand delivery, email, or electronic service on this 10th day of November, 2016.

/s/ *Chad T. Wilson*
Chad T. Wilson

18

Received and E-Filed for Record
11/21/2016 11:27:51 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-02-01632

| | | |
|---|---|---|
| CHRISTINA BUTLER | § | IN THE JUDICIAL COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND TRAVIS LYNN HENGST, | § | |
| Defendant. | § | 284TH DISTRICT COURT |

## PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Christina Butler, Plaintiff herein, and designates the following expert

witnesses, pursuant to the Texas Rules of Civil Procedure:

**I.**

## Plaintiff designates the following experts retained or specially employed:

1. Dr. Neil B. Hall, Ph.D., AIA, P.E., CFM
   Neil B. Hall & Associates, LLC
   Groundtruth Forensics
   1923 Corporate Square Drive, Suite B
   Slidell, Louisiana 70458
   (985) 690-6008

   Dr. Hall is expected to testify regarding the state of Plaintiff's property following the hail and windstorm event and the amount of funds necessary to repair the property to its original condition, including but not limited to, additional testing, reconstruction, and structural damage. He may also offer testimony regarding the reports prepared by individuals on behalf of Defendant that were utilized by individuals adjusting this claim. His opinions on are based on his training, education, experience and review of the site reports, estimates, and data, as well as other documents in this case and his personal inspection of the property. A copy of Dr. Hall's resume and report will be provided.

   Dr. Hall may in the future be provided access to and may rely upon and/or review any and all deposition testimony and/or pleadings in this case; any records and/or documents that have been obtained through written discovery, depositions on written questions and/or subpoena duces tecum. Plaintiff would anticipate counsel for Defendants has a copy of same. However, if such is not the case, the written discovery, depositions, depositions on written questions, and records produced pursuant to depositions on written questions will

be made available for Defense Counsel's inspection, copying and review at a mutually convenient, pre-arranged time at Plaintiff's counsel's office.

2.  Ken Horne, Sr.
    968 Ponte Serra Drive
    League City, Texas 77573
    (281) 733-7779

    Mr. Horne is expected to testify regarding the damage to Plaintiff's residence as a result of the hail and windstorm event made the basis of this litigation and the estimated repair and/or replacement cost for same. A copy of Mr. Horne's resume will be provided.

    Mr. Horne will rely upon Plaintiff's Original Petition, Defendants' Original Answers, the Defendants' claim files and other documents produced in discovery and will be provided in the future access to all deposition testimony, the records that have been obtained through written discovery, depositions, depositions on written questions, and records produced in accordance with the depositions on written questions. Counsel for Defendants has a copy of the same. However, if such is not the case, the written discovery, depositions, depositions on written questions, and records produced pursuant to depositions on written questions will be made available for Defense Counsel's inspection, copying and review at a mutually convenient, pre-arranged time at Plaintiff's counsel's office.

3.  Michael Fried
    Aftermath Consulting Group, LLC
    P.O. Box 57806
    Webster, Texas 77598-7806
    (281) 900-6304

    Mr. Fried is expected to testify regarding Defendants' bad faith made the basis of this lawsuit, including but not limited to, proper claims-handling standards, compliance with the Texas Insurance Code, and the duty of good faith and fair dealing under common law. Mr. Fried will also testify to the failure of Defendants to meet their requirements under these applicable standards. His testimony will focus on all aspects of the claims handling process from contact with the insured to final resolution and payment of the claim. Mr. Fried will also testify as to whether the Defendant affirmed or denied coverage timely and whether Defendant gave an adequate explanation for the denial or offer of compromise settlement. Mr. Fried will also offer opinions as to whether the Defendants failed to inform Plaintiff that the claim was closed in violation of its duty of good faith and fair dealing. He will also testify to Defendant's inadequate selection, monitoring and training of adjuster(s) and proper procedures for adjusting claims. This expert is retained by, employed by, or otherwise subject to the control of the Plaintiff. Mr. Fried's curriculum vitae will be provided.

Mr. Fried will rely upon Plaintiff's Original Petition, Defendants' Original Answers, the Defendants' claim files and other documents produced in discovery and will be provided in the future access to all deposition testimony, the records that have been obtained through written discovery, depositions, depositions on written questions, and records produced in accordance with the depositions on written questions. Counsel for Defendants has a copy of the same. However, if such is not the case, the written discovery, depositions, depositions on written questions, and records produced pursuant to depositions on written questions will be made available for Defense Counsel's inspection, copying and review at a mutually convenient, pre-arranged time at Plaintiff's counsel's office.

4. Mr. John Odam
   Attorney/Mediator
   Greenway Mediation Center
   3207 Mercer Street
   Houston, Texas 77027
   (713) 877-8585

   Mr. Odam is expected to testify regarding reasonable and necessary attorney's fees based on his training, experience, education and review of documents in this matter. Mr. Odam will testify regarding the reasonableness and necessity of Plaintiff's attorneys' fees and costs, and normal and customary charges in Texas for legal services rendered in insurance policy cases. Mr. Odam will also testify regarding contingency fee contracts, the risks involved, and methods utilized to calculate attorney fees. A copy of Mr. Odam's resume will be provided.

   Mr. Odam will be provided access to and will rely upon and/or review any and all deposition testimony and/or pleadings in this case; and records and/or documents that have been obtained through written discovery, depositions on written questions and/or subpoena duces tecum. Plaintiff would anticipate that counsel has a copy of the same. However, if such is not the case, these will be copied at Defendant's request and expense.

## II.

Plaintiff has not designated any unretained experts.

## III.

### Plaintiff designates the following fact witnesses and intends to call said witnesses at trial:

1. Christina Butler
   c/o Chad T. Wilson Law Firm, PLLC
   1322 Space Park Drive, Suite A155
   Houston, Texas 77058
   (832) 415-1432

Ms. Butler may provide testimony regarding the incident on or about April 19, 2015, the resulting damage to the insured property, the denials and delays of Metropolitan Lloyds Insurance Company of Texas, and the detrimental effects, worry, financial strain, and emotional distress caused to Ms. Butler as a result.

2.   Corporate representative(s), Officers, Directors, Underwriters, Agents, Employees of, and/or custodian(s) of Records, employees, claims handlers, managers, and supervisors involved in the decision to undervalue and deny property coverage for Plaintiff's claim.

Metropolitan Lloyds Insurance Company of Texas
c/o Dennis D. Conder
STACY & CONDER, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202-3713
(214) 748-5000

Plaintiff may call Metropolitan Lloyds Insurance Company of Texas's corporate representative(s), adjuster (s), and employees involved in the decision to undervalue and deny proper coverage for claim #JDF42356, to provide testimony regarding Metropolitan Lloyds Insurance Company of Texas' records retention, computer systems, training, underwriting, premiums, deductibles, claims review, claims payout goals, handling of wind and hail claims in Montgomery County, and the inspections, estimates, denials, and delays regarding claim #JDF42356.

3.   Glenn Ruston
Ruston Adjusting Services
245 FM 1488, Unit 807
Conroe, Texas 77384
(985) 320-3410

Mr. Ruston may provide testimony regarding hail and wind damage sustained by the insured property at time of loss and the estimated damages and cost to repair.

4.   Custodian(s) of Records
Texas Department of Insurance
Consumer Protection
P.O. Box 149104
Austin, Texas 78714-9104
(512) 322-4313

The Texas Department of Insurance may provide testimony or records regarding complaints filed with the Texas Department of Insurance over the handling of claim #JDF42356 or others similarly situated, enforcement actions, and disciplinary actions regarding Metropolitan Lloyds Insurance Company of Texas.

5.   Custodian(s) of Records
     National Climatic Data Center
     Federal Building
     151 Patton Avenue
     Asheville, North Carolina 28801-5001
     (828) 271-4800

     The National Climatic Data Center may provide testimony or certified weather and
     NEXRAD radar records relevant to this lawsuit.

## IV.

This designation is also in supplementation of all prior discovery for any party requesting

identification of expert witnesses and/or Defendant's representatives who have been deposed or

who might be deposed prior to trial.

## V.

Plaintiff reserves the right to supplement this designation with additional expert witnesses

within the time limits imposed by the Court, within any alteration of scheduling by subsequent

Court Order or agreement of the parties, or pursuant to the Texas Rules of Civil Procedure and the

Texas Rules of Evidence.

## VI.

Plaintiff reserves the right to elicit, by way of cross-examination or direct examination of

adverse witnesses, opinion testimony from expert witnesses designated by other parties to this

litigation.  Plaintiff express their intention to call, as witnesses associated with adverse parties, any

of Defendant's designated expert witnesses.

## VII.

Plaintiff reserves the right to call undesignated, rebuttal expert witnesses whose testimony

cannot reasonably be foreseen until the presentation of the evidence at trial.

## VIII.

Plaintiff reserves the right to withdraw the designation of any expert witness(es) and to answer positively that any such previously designated expert witness(es) will not be called as witnesses at trial.

## IX.

Plaintiff reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not be violative of any existing court order or the Texas Rules of Civil Procedure.

## X.

Plaintiff hereby designates all parties (and/or their corporate representatives) to this suit and all experts designated by any party to this suit, even if the designated party is not a party to the suit at the time of trial. In the event a present or future party designates an expert, Plaintiff reserves the right to designate and/or call any such expert witness previously designated by any party.

Plaintiff reserves whatever additional rights Plaintiff may have with regards to expert witnesses, pursuant to the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence, case law interpreting same, and any rulings or orders of this Court.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Stephen Mengis
Bar No. 24094842
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Plaintiff's Designation of Expert Witnesses has been forwarded to counsel of record listed below via Certified U.S. Mail, facsimile, hand delivery, email, or electronic service on this 21st day of November, 2016.

Dennis D. Conder
conder@stacyconder.com
STACY & CONDER, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202-3713
Telephone: (214) 748-5000
Facsimile: (214) 748-1421

ATTORNEY FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS
AND TRAVIS LYNN HENGST

*/s/ Chad T. Wilson*

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# 284th Judicial District Court

Amanda Whittington
Court Administrator

Lindsey Karm, J.D.
Court Coordinator

Laurie Watson
Asst. Court Coordinator

Cara Wood

Presiding Judge

301 N. Main, Suite 201
Conroe, TX 77301
(936) 539-7861 • Fax (936) 538-3572

Morrill, Patricia, J.D.
Staff Attorney

Kenneth C. Cramer, CSR
Official Court Reporter

Meredith Dunaway
Jury Bailiff

May 17, 2016

Chad T. Wilson
Attorney for Plaintiff
Dennis D. Conder
Attorney for Defendant

1322 Space Park Drive, Suite A155
Houston, TX 77058
901 Main Street, Ste 6200
Dallas, TX 75202

Re: Cause No. 16-02-01632; Christina Butler vs. Metropolitan Lloyds Insurance
Company Of Texas, Travis Lynn Hengst; In the 284th Judicial Court of Montgomery County,
Texas

Dear Counsel:

In order to avoid having the time loss of a formal hearing, enclosed is a Discovery
Control Plan which shall control the disposition of this case. THE TRIAL AND THE DOCKET
CALL DATES ARE FIRM AND NOT SUBJECT TO CHANGE. The parties may agree upon
reasonable adjustments to the other dates and to any limitation on the time for or amount of
discovery allowed under either the **DISCOVERY CONTROL PLAN** or the Texas Rules of
Civil Procedure. Any Amended Discovery Control Plan shall be filed within 20 days of the date
of this letter, or within 20 days after the appearance of opposing counsel. If an Amended
Discovery Control Plan is not so filed, the Court will assume that all parties agree with all dates
in the enclosed **DISCOVERY CONTROL PLAN**.

This case has been set for **DOCKET CALL – PRE-TRIAL CONFERENCE ON MARCH 17,
2017, AT 9:00AM, AND JURY TRIAL ON MARCH 20, 2017, AT 9:00 AM.**

**THE PARTY CAUSING THE JOINDER OF ANY NEW PARTIES FOLLOWING
THE ISSUANCE OF THE ENCLOSED DISCOVERY CONTROL PLAN SHALL
PROVIDE A COPY OF THIS LETTER AND THE DISCOVERY CONTROL PLAN TO
THE JOINED PARTY.**

Thank you for your cooperation.

Sincerely,
/s/ *Cara Wood*
Presiding Judge, 284th Judicial District Court

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**CAUSE NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | IN THE Morrill, Patricia COURT OF |
| | | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | | |
| **METROPOLITAN LLOYDS** | § | **284TH JUDICIAL DISTRICT** |
| **INSURANCE COMPANY OF TEXAS;** | | |
| **TRAVIS LYNN HENGST** | | |

## EXPEDITED DISCOVERY CONTROL PLAN – JURY

The Court requires a written motion and a showing of good cause by any party to remove a case from the expedited actions process unless removed by virtue of a pleading filed under Rule 169(c)(1)(B). Should a pleading be filed under Rule 169(c)(1)(B), the filing party MUST IMMEDIATELY contact the Court Coordinator to advise the Court that such a pleading has been filed.

Based on the information available to the Court, the following Discovery Control Plan shall apply to this case unless modified by the Court. Any date that falls on a Saturday, Sunday or legal holiday (as determined by Montgomery County Commissioners Court) shall be moved to the next day which is not a Saturday, Sunday or legal holiday. Unless otherwise ordered by the Court, the dates set forth herein, as calculated from the suit filing date or the trial date stated below, remain applicable even if the trial date is reset, whether because a continuance is granted or otherwise. If no date or limitation on discovery is given below, the item is governed by the Texas Rules of Civil Procedure.

**THE PARTY CAUSING THE JOINDER OF ANY NEW PARTY FOLLOWING THE ISSUANCE OF THIS DISCOVERY CONTROL PLAN, WHETHER BY AMENDMENT OR THIRD-PARTY PRACTICE, SHALL PROVIDE A COPY OF THIS DOCUMENT, THE COURT'S TRIAL PREPARATION ORDER AND THE COURT'S ORDER OF REFERRAL TO ALTERNATIVE DISPUTE RESOLUTION TO THE JOINED PARTY.**

1.                                **DISCOVERY PERIOD.** All discovery is governed by Rule 190.2. All discovery, including depositions, must be COMPLETED by the end of the discovery period. Counsel may conduct discovery beyond this deadline by agreement, but incomplete discovery WILL NOT delay dispositive motions or the trial.

2.                                **EXPERT WITNESS DESIGNATION.** See Rule 195.2

3.                                **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION.** See Rule 169(d)(4)(A)(iii). Unless the parties have timely filed an agreement not to engage in ADR, ADR IS REQUIRED. Failure to timely conduct ADR WILL NOT be grounds for a continuance.

4.  30 DAYS BEFORE TRIAL    **DISPOSITIVE MOTIONS.**  Upon filing of the motion, the moving party shall contact the Court Coordinator and set a hearing date or a submission date that will occur **no later than the Wednesday before this date.**

5.  **MARCH 17, 2017**    **DOCKET CALL - PRE-TRIAL CONFERENCE. TIME 9:00 AM.**  All parties and counsel shall be present at the Docket Call - Pretrial Conference and be prepared to discuss all aspects of trial with the Court.  **PARTIES SHALL COMPLY WITH THE TRIAL PREPARATION ORDER.**

6.  **MARCH 20, 2017**    **JURY TRIAL. TIME 9:00 AM.** All parties remain on call for trial for the entire week AND for the week following unless released by the Court. **THIS CASE MAY ONLY BE CONTINUED TWICE, NOT TO EXCEED A TOTAL OF 60 DAYS.**

**FAILURE BY ANY PARTY SEEKING AFFIRMATIVE RELIEF TO APPEAR FOR THE DOCKET CALL - PRETRIAL CONFERENCE MAY RESULT IN DISMISSAL FOR WANT OF PROSECUTION OF THAT PARTY'S CLAIMS FOR AFFIRMATIVE RELIEF AT THAT TIME.**

**FAILURE BY ANY PARTY SEEKING AFFIRMATIVE RELIEF TO APPEAR FOR THE TRIAL WILL RESULT IN DISMISSAL FOR WANT OF PROSECUTION OF THAT PARTY'S CLAIMS FOR AFFIRMATIVE RELIEF AT THAT TIME.**

SIGNED: May 17, 2016.

/s/ *Cara Wood*
Presiding Judge
284th Judicial District Court

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Morrill, Patricia

**CAUSE NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | **IN THE DISTRICT COURT OF** |
| | | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | | |
| **METROPOLITAN LLOYDS** | § | **284TH JUDICIAL DISTRICT** |
| **INSURANCE COMPANY OF TEXAS;** | | |
| **TRAVIS LYNN HENGST** | | |

## TRIAL PREPARATION ORDER – CIVIL - JURY

Pursuant to Rule 166 of the Texas Rules of Civil Procedure, it is hereby **ORDERED** that a **PRE-TRIAL CONFERENCE - DOCKET CALL** is set in this action. Counsel shall be prepared to discuss all matters as may aid in the disposition of this action, including those items outlined in Rule 166 (a) - (p).

Pursuant to Rule 166, the following shall apply:

1) **PRE-TRIAL CONFERENCE - DOCKET CALL** shall be **MARCH 17, 2017, AT 9:00 AM.**

2 ) All parties shall be represented by counsel with authority to discuss all issues relating to this case (including settlement) at the **PRE-TRIAL CONFERENCE - DOCKET CALL.**

3) At the **PRE-TRIAL CONFERENCE - DOCKET CALL**, all parties must file with the Court and serve on opposing counsel the following:

   a) Motions in Limine;

   b) Proposed Charge to the Jury, definitions and instructions. Please furnish the Court a printed copy and a jump drive containing the Proposed Charge to the Jury (Word or WordPerfect);

   c) Any briefs or authorities on issues that may come before the Court during trial.

   d) EXHIBIT LIST. All exhibits that will be offered at trial shall be exchanged between counsel at the **PRE-TRIAL CONFERENCE - DOCKET CALL**. Exhibits agreed to be admitted shall be marked, retained by the attorney and shall be admitted into evidence as a first order of business at trial.

   e) WITNESS LIST. Counsel shall designate all deposition excerpts that will be offered at trial by designated page and line. Objections to deposition testimony must be made in writing.

4) Any remaining pre-trial motions will be heard at the **PRE-TRIAL CONFERENCE - DOCKET CALL.**

5)      All other pre-trial matters shall be governed by the TEXAS RULES OF CIVIL
PROCEDURE.

6)      All counsel shall be familiar with and shall comply with **THE TEXAS LAWYER'S
CREED.**

It is the Court's desire that every trial be conducted professionally and efficiently for the
benefit of the parties and the Court. If counsel have any other special requests or suggestions,
Please advise the Court Coordinator.

SIGNED: May 17, 2016.

/s/ *Cara Wood*
Presiding Judge
284th Judicial District Court

RECEIVED AND FILED
FOR RECORD
05/17/2016 3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**CAUSE NO. 16-02-01632**

| | | |
|---|---|---|
| **CHRISTINA BUTLER** | § | IN THE DISTRICT COURT OF |
| | | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | | |
| **METROPOLITAN LLOYDS** | § | **284TH JUDICIAL DISTRICT** |
| **INSURANCE COMPANY OF TEXAS;** | | |
| **TRAVIS LYNN HENGST** | | |

## ORDER OF REFERRAL TO MEDIATION - EXPEDITED ACTION

Unless the parties have timely filed an agreement not to engage in Alternative Dispute Resolution (ADR), the Court finds that this case is appropriate for ADR pursuant to Tex. Civ. Prac. & Rem. Code Ann., Section 154.001, et seq.

IT IS ORDERED that all parties are referred to use an ADR procedure which does not exceed a half-day in duration, excluding scheduling time, that does not exceed a total cost of twice the amount of the applicable civil filing fees for this case, and that is completed no later than sixty days before the initial trial setting in this case. If the parties do not agree on an ADR procedure or impartial third party (ITP), the parties are ORDERED to mediation with the Montgomery County Dispute Resolution Center (telephone 936-760-6914). The parties are to schedule ADR through their counsel, or personally if they are unrepresented by counsel. If no agreed date can be scheduled, then the ADR ITP shall select a date and all parties shall appear as directed. The date scheduled by the ADR ITP is incorporated in this Order as the date upon which the mediation shall occur. The date scheduled for ADR cannot be changed or cancelled except upon agreement of the parties. ADR can be rescheduled before the ADR deadline.

IT IS FURTHER ORDERED that the administration fees for ADR are to be divided and borne equally by the parties unless agreed otherwise, shall be paid by the parties directly to the ADR ITP and shall be taxed as costs.

IT IS FURTHER ORDERED that, upon completion of ADR, the ADR ITP is directed to advise this Court when the process was completed, whether the parties and their counsel appeared as ordered, and whether a settlement resulted.

As provided by Tex. Civ. Prac & Rem. Code Ann., Section 154.053 and Section 154.073, all matters, including the conduct and demeanor of the parties and their counsel during the ADR process, are to remain confidential and will not be disclosed to anyone, including this Court. Except as may be permitted by Tex. Civ. Prac. & Rem. Code Ann., Section 154.073, neither the ADR ITP nor the ADR ITP's files shall be subject to a subpoena or to a request for production filed by any person.

**SIGNED May 17, 2016.**

/s/ *Cara Wood*
Presiding Judge, 284th Judicial District Court